-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID AUGUST GAMBINO,

    Plaintiff,

-v-

CAPTAIN PAYNE; SERGEANT
WILLIAMS; SERGEANT LIWSWINSKI;
KITCHEN COOK, Name Unknown;
SUPERVISOR OF MENTAL HEALTH,
Name Unknown; SERGEANT
GREENWALD; OFFICER BOOTH;
OFFICER RANKIN; OFFICER GEOSKI;
OFFICER LEWIS; OFFICER REBALD;
MALE OFFICER 2, Name Unknown;
MALE OFFICER 3, Name Unknown;
MALE OFFICER 1, Name Unknown,

    Defendants.

**DECISION AND ORDER**
1:12-CV-0824Sc



---

## INTRODUCTION

Plaintiff David Gambino, a pre-trial detainee awaiting sentencing in this Court,[1] who is currently detained at the Buffalo Federal Detention Facility ("BFDF"), filed a *pro se* complaint under 42 U.S.C. § 1983 based on events that occurred while he was detained at the Niagara County Jail ("NCJ"). He alleged a number of claims against supervisory and non-supervisory jail officials and employees, including the Sheriff and Undersheriff of Niagara County. Plaintiff also requested to proceed *in forma pauperis* and filed a Prison Authorization (Docket Nos. 2 and 5).

---

[1] *United States v. Gambino*, 09-CR-00372-RJA-JMM-1.

The complaint set forth five claims, in which plaintiff alleged that officials and employees at the NCJ engaged in a number of constitutional violations: (1) the denial of his rights to access the courts, file grievances and freely practice his religion through the provision of edible kosher meals (Docket No. 1, Complaint, Attachment, First Claim, at 1; Docket No. 6, Decision and Order, at 4-11); (2) the violation of his right to privacy by requiring plaintiff to shower in an area that exposed his lower body to others (Docket No. 1, Complaint, Attachment, Second Claim, ¶ 1, at 1; Docket No. 6, Decision and Order, at 11-14); (3) the denial of the right to freely practice one's religion by tampering with plaintiff's kosher meals thereby requiring him to find sustenance outside the kosher diet provided at the Jail (Docket No. 1, Complaint, Attachment, Third Claim, ¶ 1, at 1; Docket No. 6, Decision and Order, at 14-20); (4) a denial of adequate dental care (Docket No. 1, Complaint, Attachment, Fourth Claim, ¶ 1, at 1; Docket No. 6, Decision and Order, at 20-23); and (5) a denial of adequate mental health care (Docket No. 1, Complaint, Attachment, Fifth Claim, ¶ 1, at 1; Docket No. 6, Decision and Order, at 20-23).

The Court (Hon. Michael A. Telesca) granted plaintiff permission to proceed *in forma pauperis*, and upon review of plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(B) and 1915A: (1) dismissed the First Claim in its entirety with prejudice (Docket No. 6, Decision and Order, at 4-11); (2) dismissed the Second Claim--right to privacy/showers--without prejudice to the filing of an amended complaint against defendant Sergeant Williams only (*Id.* at 11-14); (3) dismissed the Third Claim--tampering with kosher meals--without prejudice to the filing of an amended complaint (*Id.* at 14-20); and (4) dismissed the Fourth and Fifth Claims--dental and mental health care--without prejudice to the filing of an amended complaint (*Id.* at 20-23).

The Decision and Order noted that, with respect to several claims, plaintiff had failed to demonstrate defendants' personal involvement in the alleged constitutional violations and that, with respect to the First Amendment Free Exercise claims, plaintiff also had failed to demonstrate how the alleged constitutional violation substantially burdened his sincerely held religious beliefs--*i.e.*, his conversion to Judaism. Plaintiff was therefore directed to file an amended complaint, which, *inter alia*, identified those defendants who were personally involved in the alleged constitutional violations, and alleged factually how defendants violated his right to privacy by failing to provide adequate coverings in the shower area and substantially burdened his religious beliefs by tampering with his kosher meals.

Plaintiff filed an amended complaint (Docket No. 11), which is lengthier (45 pages not including a significant number of exhibits) than the original complaint but also somewhat more confusing at least with respect to the constitutional claims alleged and damages sought. It names a number of additional defendants, some who are not identified by name. Upon review of the amended complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court determines, for the reasons set forth below, that some of plaintiff's claims are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals Service is ordered with respect to the remaining claims.

## DISCUSSION

In reviewing the amended complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage,* 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson,* 189 F.3d 284, 287 (2d Cir. 1999). Moreover, the court is "obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil

3

rights violations." *See McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004); *see also Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir. 1998).

"Specific facts are not necessary," and the plaintiff "need to only 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" *See Erickson v. Padus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Group v. Twombly,* 550 U.S. 544, 555 (2007)) (internal quotation marks and citation omitted). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Based on the evaluation of the amended complaint, the Courts finds that some of plaintiff's claims must be dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals Service is ordered with respect to the remaining claims.

## A. PLAINTIFF'S ALLEGATIONS

### 1. Second Claim[2]

The Court's prior Decision and Order had granted plaintiff leave to amend the Second Claim against Sergeant Williams only. The complaint had alleged that Williams "initiated and enforced the stripping of the ability to cover (with sheets) the areas of the showers that allow exposure of [his] naked lower abdominal area during bathing." (Docket No. 1, Complaint, Second Claim, ¶ 1, at 1.) Plaintiff had claimed that the showers were on the upper mezzanine

---

[2]The Amended Complaint begins with the "Second [Claim]", presumably because the Court had dismissed the First Claim in its entirety and without leave to amend. The Amended Complaint also refers to the Claims as "Complaint[s]"--*e.g.*, "Second Complaint," "Third Complaint," etc.

4

and that various individuals, including male and female jail deputies and civilian empoyees, had a full view of his "private" body parts. (*Id.*) The Court found that this Claim, construed as a right to privacy claim, failed to state a claim for relief because it did not allege that the exposure of plaintiff was "intentional, continual or lengthy" (Docket No. 6, Decision and Order, at 14, (quoting *Rogers v. Clark*, 1996 WL 328218, at *1 (W.D.N.Y. June 11, 1996) (Elfvin, J.)).

The amended complaint alleges that defendant Williams "initiated and enforced a policy at [the] Niagara County Jail . . . which required that inmates not use sheets or blankets to cover areas on the doors of the showers that [were] previously known to give direct and continuous view of [himself] (and fellow inmates[']) lower abdominal areas (genitals) . . . ." (Amended Complaint, at 8). Plaintiff also asserts that officers working under Williams enforced such rule and undertook further punitive actions, such as fines or 24-hour confinement in one's cell, if such a policy was violated. *Id.* As a result of such policy being implemented, plaintiff alleges that, during the time period between January 1 and June 28, 2010, each time he showered, fellow inmates, prison officials, and other individuals, such as visitors or attorneys, were able to view his lower abdominal area. Plaintiff further claims that this continuous viewing of his lower abdominal area re-triggered some of his mental health issues, forced him into sinful acts which violated his religious beliefs, and created a hostile environment among the prisoners. When plaintiff attempted to address such issues by filing grievances alleging what he claimed was sexual misconduct, a number of jail officers/deputies refused to submit or file the grievances. (Amended Complaint, at 10-11.)[3]

---

[3]Any claims related to the failure to file or submit grievances are dismissed with prejudice because such claims were dismissed with prejudice from the complaint for their failure to state a claim upon which relief can be granted.

5

Plaintiff appears to allege that the shower-door "rule" was not only a violation of his right to privacy, but also a "Religious Violation," "Security Violation," "Sexual Misconduct Violation," "Failing to Protect and Deliberate Indifference Violation," and "Corproll [sic] Punishment Violation." (*Id.* at 8-13.) Plaintiff also alleges that this is a "Psychological Effects Violation" (Docket No. 11, Amended Complaint, Second Claim, Section 3, at 10); this is not, however, a separate claim for relief, but is rather an element of plaintiff's alleged damages. The only constitutional claims supported by these allegations, however, are a right to privacy and First Amendment religious exercise claim[4] and those claims alone against Sergeant Williams will be allowed to proceed to service[5] while the other claims set forth in the Second Claim are dismissed with prejudice because they fail to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). The other claims do not state separate claims in-and-of-themselves, and, to the extent they can be construed to allege claims separate and apart from the right to privacy and religious practices claims, they are be dismissed with prejudice.

*(a.) "Security Violation" and "Failing to Protect" Claims*

---

[4]*See Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2005) (To state a free exercise claim, a "prisoner must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs. The defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct."); *McEachin v. McGuinnis*, 357 F.3d 197, 203 (2d Cir. 2004) (the Second Circuit has cautioned the district courts not to "judge the significance of particular devotional obligations to an observant practitioner of faith"). *See also Show v. Patterson*, 955 F.Supp. 182, 186 n.2 (S.D.N.Y.1997)( the constitutionality of conducting a group strip search presents a material issue of fact when an inmate's religion prohibits "exposure of the genital area of the body to strangers.")

[5]*McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) "[The Second Circuit] ha[s] frequently reiterated that '[s]ua *sponte* dismissals of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting *Moorish Sci. Temple of Am. Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir. 1982)). "*Sua sponte* dismissal of a *pro se* complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer." *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) (citations and internal quotations omitted)).

Plaintiff alleges that the continuous exposure and viewing of his and other inmates' lower abdominal (genital) area created an environment that was "unsafe as inmates unavoidable viewing of each others lower abdominal area[s] because the point of contention which ultimately resulted in an environment of hostility towards one another over concerns of unwanted invasions of each others['] privacy." (Docket No.11, Amended Complaint, Second Claim, Sections 2 and 5, at 9-12) (emphasis removed). Plaintiff claims that many arguments occurred when other inmates accused others of "staring up at the showers" and this "encouraged verbal spats and violence[,]" and that he complained to a number of defendants about the need for extra covering on the showers, but said complaints were ignored. Plaintiff alleges only that the showers created and encouraged a violent atmosphere, but does not allege that he was subjected to any violence or serious risk of harm. These allegations are wholly conclusory and, thus, fail to state a claim for relief.

"[T]he standard for analyzing a claim of deliberate indifference to the health or safety of a convicted prison inmate held in state custody as a violation of the right of the inmate to be free from cruel and unusual punishment under the Eighth Amendment is also applicable to claims brought by pretrial state detainees under the Due Process Clause of the Fourteenth Amendment." *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009); *see also Vazquez v. Curcione*, 2013 WL 5408858, at *3 (W.D.N.Y. Sept. 25, 2013) (Scott, M.J.) (as a pretrial detainee plaintiff's claims are analyzed under the Due Process Clause of the Fourteenth Amendment; however, the analysis of a failure to protect claim is similar to that under the Eighth Amendment). "[D]eliberate indifference exists where 'the official [knew] of and disregard[ed] an excessive risk to [the detainee's] safety' and where the official was both 'aware of facts from which the inference could

7

be drawn and that a substantial risk of serious harm exist[ed], and ... also [drew] the inference.'" *Vazquez*, 2013 WL 5408858, at *3 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The only allegations are that inmates showered in an area which exposed their genital areas, and this allowed inmates to view each other and created a hostile environment. *See Ashcroft*, 556 U.S. at 678 (Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."). These facts are insufficient to support a claim that defendants knew of and disregarded a substantial risk of serious harm to plaintiff. Accordingly, this part of the Second Claim must be dismissed for failure to state a claim upon which relief can be granted.

### (b.) *Sexual Misconduct Violation*

Plaintiff alleges that he submitted a "sexual misconduct" complaint to officers on duty at the NCJ complaining about the continuing viewing of his lower body during showers and that officers were told not to accept it because a Sergeant would first need to review and sign the complaint. (Docket No.11, Amended Complaint, Second Claim, Section 4, at 11.) Plaintiff further alleges that he was transferred without being allowed to file his sexual misconduct complaint and that the refusal to accept the complaint and open an investigation was deliberate indifference. This claim, whatever it may be, and to the extent it can be construed to allege that defendants refused to investigate his sexual misconduct complaint, must be dismissed because, as addressed in the Court's prior Decision and Order, the failure to file or investigate a grievance does not state a claim for relief because there is no constitutional right to access to an inmate grievance process. (Docket No. 6, Decision and Order, at 6-7 (citing *Davis v. Buffardi*, 2005 WL 1174088, at *3 (N.D.N.Y. May 4, 2005) ("[p]articipation in an inmate grievance process is not a

constitutionally protected right"); *Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369–70 (W.D.N.Y. 2005) ("[i]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim"); *Cancel v. Goord*, 2001 WL 303713, at *3 (S.D.N.Y. Mar. 29, 2001) ("inmate grievance procedures are not required by the Constitution and therefore a violation of such procedures does not give rise to a claim under § 1983")). Accordingly, the "Sexual Misconduct Violation" Claim is dismissed with prejudice.

*(c.) Corporal Punishment Violation*

Plaintiff alleges that the viewing of his genital area was used as a form of corporal punishment. (Docket No. 11, Amended Complaint, Second Claim, Section 6, at 13.) Construing this claim as a claim under the Due Process Claim similar to the failure to protect claim addressed above, the Court finds that it fails to state a claim upon which relief can be granted. *Vazquez*, 2013 WL 5408858, at *3 (quoting *Farmer*, 511 U.S. 837). Plaintiff's allegations do not support a claim that he was subjected to some form of "corporal" punishment or risk of serious harm.

### 2. Third Claim[6]

Plaintiff re-alleges that his kosher meals were continuously and repeatedly mutilated, contaminated and tampered with in a variety of ways between March and June 2012, and that when he addressed this with the defendants, he was often met with anti-Semitic responses and his meals were not replaced. (Docket No. 11, Amended Complaint, Third Claim, at 19-24.) He

---

[6]This Claim, similar to the other Claims set forth in the amended complaint, labels his claims for damages separately-e.g., "Discrimination Damages," "Religious Damages," "Corporal Punishment Damages," etc. (Docket No. 6, Amended Complaint, Third Claim, at 26-29.) These claims for damages are not construed to allege separate claims for relief or causes of action but rather are construed herein as setting forth plaintiff's alleged damages based on the constitutional violations set forth in the specific Claims.

9

alleges that this interference with his kosher meals was a violation of the First and Fourteenth Amendments and the Religious Freedom and Restoration Act. This Claim was dismissed without prejudice initially because it was alleged against certain defendants in their roles as supervisors only and because it did not allege that the defendants' actions substantially burdened plaintiff's sincerely held religious beliefs. (Docket No. 6, Decision and Order, at 18-20.) The amended complaint is brought against defendants unknown "Kitchen Cook," Officers Rebald, Lewis, Rankin, Booth and Geoski, Sergeants Greenwald, Williams and Liwswinski, unknown Male Officers 1, 2 and 3 and Female Officer 1, and Captain Payne.

This Claim to the extent it alleges a denial of plaintiff's First and Fourteenth Amendment rights to freely practice his religious beliefs may proceed to service at this time against the defendants set forth immediately above, but the Religious Freedom and Restoration Act ("RFRA")[7] claim, 42 U.S.C. § 2000bb-1 *et seq.*, construed herein as a claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq.*, must be dismissed because RLUIPA does not provide a cause of action against state officials in their individual capacities. *Washington v. Gonyea*, --- F.3d ----, 2013 WL 4792375, at * 2 (2d Cir. Sept. 10, 2013) (per curiam) (citations omitted); *see also Ford v. Palmer*, --- Fed.Appx. ----, 2013 WL 5340395, at *1, n.1 (2d Cir. Sept. 24, 2013) (RLUIPA does not provide a cause of action for damages against state officials in their official capacities, or in their individual capacities) (citing *Sossamon v. Texas*, --- U.S. ----, 131 S.Ct. 1651 (2011); *Washington*, 2013 WL 4792375, at * 2.

---

[7] *In City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme Court held RFRA unconstitutional as applied to states and their subdivisions. *Ungar v. New York City Housing Authority*, 2009 WL 125236, at *12 (S.D.N.Y. Jan. 14, 2009). In 2000, RFRA was amended to delete all references to state and local governments. *Id.* at 13. RLUIPA was enacted in an attempt to override *City of Boerne*. *People v. Peterson*, 2002 WL 31387540, at *2 (Sup. Ct., Kings Cty., Sept. 5, 2002).

### 3. Fourth and Fifth Claims

Plaintiff alleges that he was denied both adequate dental (Fourth Claim) and mental health (Fifth Claim) care by defendant Nurse Martin. These claims were dismissed initially because they were brought against two supervisory officials only, but plaintiff was granted leave to amend to allege a claim of deliberate indifference under the Due Process Clause against individuals who were personally involved in the alleged denial of dental and mental health care. (Docket No. 6, Decision and Order, at 20-22.) At this time, the Court finds that these two claims may proceed to service against Nurse Martin, but only to the extent they allege a claim of deliberate indifference to plaintiff's dental and mental health care needs.[8] *See Caiozzo*, 581 F.3d at 69 (("We reaffirm our position, stated in *Arroyo v. Schaefer*, 548 F.2d 47, 50 (2d Cir. 1977), that the standard for analyzing a claim of deliberate indifference to the health or safety of a convicted prison inmate held in state custody as a violation of the right of the inmate to be free from cruel and unusual punishment under the Eighth Amendment is also applicable to claims brought by pretrial state detainees under the Due Process Clause of the Fourteenth Amendment.").

## CONCLUSION

For the foregoing reasons, the following claims are dismissed with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1): (1) that part of the Second Claim alleging a (a) "Security Violation," (b) "Psychological Affects [sic] Violation," (c) "Sexual Misconduct Violation," (d) "Failure to Protect and Deliberate Indifference Violation," and (e) "Corporal Punishment Violation" (Docket No. 11, Amended Complaint, Second Claim, Sections 2-6, at 9-13); and (2) that part of the Third Claim alleging a violation of the Religious Freedom and

---

[8]See n.5, *supra*.

11

Restoration Act, 42 U.S.C. § 2000bb-1 *et seq.*, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 *et seq.* (Docket No. 11, Amended Complaint, Third Claim). The summons and amended complaint will be directed to be served upon defendants Captain Payne, Sergeant Williams, Sergeant Liwswinski, Officer Booth, Officer Rankin, Officer Geoski, Officer Lewis and Officer Rebald regarding the remaining claims: (1) a First Amendment Religious Practices Claim and a Right To Privacy Claim related to the shower area at the NCJ (Docket No. 11, Amended Complaint, Second Claim); (2) a First Amendment Religious Practices Claim related to the alleged tampering with plaintiff's kosher meals (*Id.* Third Claim); and the Fourteenth Amendment Due Process Claims related to the denial of dental and mental health care and treatment (*Id.* Fourth and Fifth Claims).

Plaintiff is also granted permission to seek, through discovery after the defendants have answered, the names of the unknown defendants: Kitchen Cook, Male Officers 1, 2 and 3, and Female Officer 1, also allegedly involved in the Religious Practices/Kosher Meal Claim (Docket No. 11, Amended Complaint, Third Claim); plaintiff then may request leave of the Court to add the unknown defendants as defendants herein and request service on them once identified by the U.S. Marshals Service.

### ORDER

IT HEREBY IS ORDERED that the following claims are dismissed with prejudice: (1) that part of the Second Claim alleging: (a) "Security Violation," (b) "Psychological Affects [sic] Violation," (c) "Sexual Misconduct Violation," (d) "Failure to Protect and Deliberate Indifference Violation," and (e) "Corporal Punishment Violation" (Docket No. 11, Amended Complaint, Second Claim, Section 2-6, at 9-13); and (2) that part of the Third Claim alleging a violation of

12

the Religious Freedom and Restoration Act, 42 U.S.C. § 2000bb-1 *et seq.*, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1 *et seq.* (Docket No. 11, Amended Complaint, Third Claim*)*;

FURTHER, that the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, Amended Complaint, and this Order upon defendants Captain Payne, Sergeant Williams, Sergeant Liwswinski, Officer Booth, Officer Rankin, Officer Geoski, Officer Lewis and Officer Rebald without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to respond to the amended complaint.

SO ORDERED.

Dated: November 15, 2013
Rochester, New York

FRANK P. GERACI, JR.
United States District Judge