UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID AUGUST GAMBINO,

                         Plaintiff,

                                                    **Hon. Hugh B. Scott**


                                                    **12CV824A**

          v.
                                                    **Report
                                                    &
                                                    Recommendation**


CAPTAIN PAYNE, et al.,

                         Defendants.


This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 48, Order of Dec. 1, 2014).  The instant matters before the Court are a series of

motions by plaintiff for injunctive and other relief (Docket Nos. 31, 32, 34); plaintiff's motion to

compel (Docket No. 33); and defense cross motion (Docket No. 41) to compel discovery.  Since

the matters are related (but jurisdiction to consider differs), defendants' motion as well as

plaintiff's motion to compel are considered in this Report and Recommendation rather than in a

separate Order.  Also filed while these motions were pending were plaintiff's motion to produce

a copy of his deposition transcript (Docket No. 49), his subpoena upon defendant Lewis (Docket

No. 54), and defense counsel's motion to withdraw as counsel for defendant Booth and to

rescind his appearance in the Answer (Docket No. 59; <u>see</u> Docket Nos. 14, Answer, 52 (defense

counsel letter of Dec. 1, 2014)) as well as other discovery documents served by plaintiff.  These

motions were argued finally (<u>see</u> Docket No. 55) all together on December 18, 2014 (Docket

No. 60), and will be considered in this Report.  Defense counsel later withdrew their motion

(Docket No. 65; <u>see also</u> Docket No. 67, Order acknowledging withdrawal).

Subsequently, plaintiff moved to correct inaccuracies in his deposition (Docket No. 62)

which was later terminated as a motion but conceived as a notice under Rule 30(e) (Docket

No. 67).  Defendants moved to quash subpoenas (Docket No. 66), which this Court set for

briefing (Docket No. 67).

## BACKGROUND

This is a civil rights action commenced by plaintiff <u>pro se</u> while an inmate.  He alleges

that, while in Niagara County's custody, defendants exposed plaintiff's body in violation of his

religious beliefs, that plaintiff endured corporal punishment while in county custody.  (Docket

No. 11, Am. Compl.)  He claims that he is new convert to Judaism and as such is required by his

faith to maintain a certain level of modesty that defendants (by observing him while his lower

torso was naked) did not recognize.  He also alleges suffering psychological damage, that he was

a victim of sexual misconduct, that defendants failed to protect him, and that he suffered

deliberate indifference to his medical needs (<u>id.</u>).  He contends that defendant Captain Payne

intercepted his legal mail (Docket No. 1, Compl., 1st Cause of Action).  Remaining defendants

(<u>cf.</u> Docket Nos. 4, 6, 13, Orders on plaintiff's <u>in forma pauperis</u> Motion, Docket No. 2) are jail

officers at the Niagara County Jail.

Subsequently, plaintiff was placed in federal custody and imprisoned at the Federal

Correctional Institution at McKean, Pennsylvania ("McKean").  That facility, officers or officials

from McKean were not named as defendants in this action.

Plaintiff amended the Complaint (Docket No. 11) and following this Court's Order (Docket No. 13) regarding which claims and parties survive in forma pauperis review and defendants answered (Docket No. 14; see also Docket No. 58, Answer of Defendant Sergeant Greenwald).  This Court entered a Scheduling Order (Docket No. 15), in which discovery was to be completed by November 7, 2014, and a status conference held on December 18, 2014 (id.).  Pursuant to this Court's Local Civil Rule regarding filing pro se discovery, defendants filed their discovery demands (Docket Nos. 18-21) and their Rule 26(a) initial disclosure (Docket Nos. 23, 24 (Rule 26 disclosure documents filed under seal), 29, 30; cf. Docket No. 15, Scheduling Order).  Plaintiff then moved for discovery and for appointment of counsel (Docket No. 26), the former deemed by this Court to be a discovery demand and the latter denied without prejudice (Docket No. 27).  This Court then entered an Order to direct the warden of McKean to permit plaintiff's deposition in that facility (Docket No. 28).

Given plaintiff's incarceration, defense counsel had to make arrangements through McKean authorities to contact plaintiff.  Many of plaintiff's motions stem from his misunderstanding of the interaction between defense counsel and McKean regarding plaintiff.

*Plaintiff's Motions*

On September 29, 2014, plaintiff filed his series of injunctive motions.  The first Motion sought to remove plaintiff from McKean or to protect him while he was there (Docket No. 31).  The next Motion sought injunctive relief against retaliatory action by McKean staff against him (Docket No. 32); plaintiff here contends that McKean staff intercepts his mail.  In his next Motion, plaintiff seeks to preserve evidence from McKean such as telephone records between defendants and McKean staff (Docket No. 33).  In the fourth Motion, plaintiff seeks and Order to

3

cease and desist contact between defendants and McKean staff (Docket No. 34).  Responses to these motions initially were due by October 27, 2014, and any replies were due by November 3, 2014 (Docket No. 35).  Defendants sought an extension of the Scheduling Order (Docket No. 36), which was granted with discovery to be completed by February 6, 2015, but the status conference remaining set for December 18, 2014 (Docket No. 37; see also Docket No. 60, minutes).  There is no proof that McKean or any McKean official was served with these motions.

Defendants filed their response to these motions (Docket No. 42) as well as their cross motion to compel (Docket No. 41, discussed below), while plaintiff duly replied (Docket Nos. 39, Objection to Subpoenaed Documents, 44, Reply).

While these motions were pending, plaintiff sought his copy of the transcript of his deposition by defendants conducted on October 14, 2014 (Docket No. 49), but defendants later reported that the copy was sent to plaintiff on December 8, 2014 (Docket No. 57).  Plaintiff, after receiving the transcript moved (Docket No. 62, Pl. Motion, filed Dec. 17, 2014) to correct inaccuracies.  While this motion (id.) was mentioned during oral argument on December 18, 2014, it has not been briefed and is not considered in this Report.[1]

He also attempted to serve a subpoena upon defendant Lewis (Docket No. 54), posing what defense counsel later argued were improper Interrogatories within a subpoena.

*Defense Cross Motion*

Meanwhile, defendants move to compel execution of authorizations by plaintiff to allow defendants access to his prison and medical records while in McKean.  They contend that the

---

[1]Under Federal Rule of Civil Procedure 30(e), a deponent must be allowed to review the transcript of a deposition and note changes.  This does not require an Order, cf. Banks v. Office of Senate Sergeant-at-Arms, 222 F.R.D. 7, 9 (D.D.C. 2004) (Facciola, Mag. J.).

4

materials subject to these authorizations are relevant because they would indicate the sincerity of plaintiff's religious beliefs, by showing (for example) through his mail records whether he ordered materials that are would not show plaintiff's devotion to his new faith.

Defense counsel also submitted a letter (Docket No. 52) stating that defendants Lewis and Liwzinki were not Niagara County employees and that defendant Booth retired from Niagara County and has not contacted defense counsel (see also Docket No. 53).  Defense counsel later moved to withdraw as to Booth and to strike the Answer as to Booth (Docket No. 59).

## DISCUSSION

I.     Applicable Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter."  Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007).

Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Under Rule 26(c), this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery

device, or conditioning the time and manner of that discovery.  Fed. R. Civ. P. 26(c)(1), (1)(B)-(C); <u>see</u> <u>id.</u> R. 26(c)(1)(D) (limit the scope or the matters inquired into).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  Similarly, under Rule 26(c), prior to obtaining a protective order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention, Fed. R. Civ. P. 26(c).  Under Rule 26(c), the Court has power to protect against abuses in discovery.  <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 34 (1984). The appropriateness of a protective order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought.  <u>Mitchell v. Fishbein</u>, 227 F.R.D. 239, 245 (S.D.N.Y. 2005).  This Court has broad discretion in issuing such a protective order.  <u>Seattle Times</u>, <u>supra</u>, 467 U.S. at 36.

The mechanism to obtain materials relevant to an action from a third party is a subpoena served under the requirements of Federal Rule 45.

II.     Preliminary Matters Addressed in Oral Argument

Plaintiff's motion for a copy of his transcript (Docket No. 49) is **deemed moot** since he has subsequently obtained copies of that transcript (Docket No. 60).  Defense counsel withdrew its motion to withdraw as counsel for defendant Booth (Docket Nos. 59, 65; <u>see</u> Docket No. 67) until further efforts are undertaken to locate the retired Niagara County employee (Docket No 60).

As for plaintiff's subpoena (Docket No. 54), defendants argued that they were beyond the jurisdictional reach of the witness and that the witness was not an employee of Niagara County. The subpoena (id.) was served upon defense counsel and not the witness personally. Defendants also objected to other subpoenas and discovery requests that were defectively served, beyond the 100-mile geographic range of a subpoena, and subpoenas in format essentially asking Interrogatories that were not appropriate in a subpoena. Defendants later moved to quash or for a protective Order (Docket No. 66, filed Dec. 23, 2014).

Plaintiff has served additional discovery to attempt to identify Niagara County Jail staff employed during his time in that jail. Properly served, various discovery methods exists that may reveal this information. For example, plaintiff previously served Notices to Admit and, during oral argument, agreed to withdraw them in favor of serving Interrogatories.

III.     Plaintiff's Injunctive Motions (Docket Nos. 31, 32, and 34)

Plaintiff's motions directed at McKean and its alleged contacts with defendants should be **denied**. First, McKean, its officials, and employees are not defendants in this case or under this Court's jurisdiction. During argument, defense counsel denied any nefarious intent in defendants' contact with McKean staff and also denied any involvement in invasions of or deprivation of plaintiff's legal mail arising from this action.

The contact plaintiff objects to arise from this action and the logistics necessary to contact him while he is incarcerated at McKean. Plaintiff is incarcerated, but, unlike most inmate civil rights actions commenced in this District, he is incarcerated by another jurisdiction (the federal Government, in Pennsylvania) and no longer incarcerated by defendants. Thus, discovery requests from plaintiff have to go through the additional layer of federal authorities

who have custody over him.  This Court had to issue an Order (Docket No. 28) to permit

plaintiff's deposition while within McKean.  Plaintiff complains about the communication

between defense counsel's staff and McKean personnel regarding discovery from plaintiff

(Docket No. 44); this misunderstands the situation.  In order to obtain access to plaintiff while in

federal custody, defendants (like much of the outside world) have to contact McKean officials

first.

       Absent contact with McKean staff and their cooperation, it would be impossible to

prosecute this action.  Plaintiff's motions for injunctive relief against the non-party McKean

therefore should be **denied**.  Since defendants have no role in plaintiff's present custody, any

injunctive relief sought as to them should be **denied**.

IV.     Plaintiff's Motion to Preserve (Docket No. 33)

       Similarly, plaintiff's motion to a non-party to preserve materials (Docket No. 33) is

**denied**.  Even if viewed as a subpoena (and motion here is not in the form of a subpoena or

served upon McKean), this Court is within the 100 mile range[2] for production of subpoenaed

documents for inspection, Fed. R. Civ. P. 45(c)(2), the only duty under a subpoena to preserve

materials is when the served party claims a privilege or protection from the subpoena and has to

preserve the materials until the privilege or protection issue is settled, see Fed. R. Civ.

P. 45(e)(2)(B).  Preservation of subpoenaed materials also arises in cases where pre-action

discovery is engaged and the target of the subpoena has materials that may identify the

---

[2]McKean is in Bradford, Pennsylvania, 90 miles from the Robert Jackson United States Courthouse in Buffalo, where this action is pending.
    Defendants argued that other subpoenas served on Niagara County, its staff, and witnesses in that county were beyond 100 miles from plaintiff's facility in McKean and thus could be quashed.

defendants; while the target seeks to quash the subpoena or asserts a privilege, the sought

materials needs to be preserved or is ordered preserved pending resolution of the scope and

validity of the subpoena, e.g., Malibu Media, LLC v. Doe, No. 3:14-cv-373, 2014 U.S. Dist.

LEXIS 155396, at *8 (S.D. Ohio Oct. 31, 2014) (ordering target of subpoena to preserve

subpoenaed information pending resolution of motion to quash).  Even if such a preservation

duty exists, this Court does not have jurisdiction over McKean and its staff to impose that duty.

This differs from plaintiff, who, by filing this action, came under this Court's jurisdiction

sufficient enough for this Court to order his production at a deposition in this action (Docket

No. 28).  Additionally, the materials plaintiff sought preserved involve the conditions of his

incarceration at McKean (see Docket No. 33, Pl. Argument in Support of Motion to Preserve

Evidence), matters not subject to this litigation.  Therefore, this motion (Docket No. 33) is

**denied**.

V.      Defense Motion to Compel (Docket No. 41)

        Defendants seek authorizations executed by plaintiff to allow production of medical and

other inmate records from McKean.  Plaintiff objects as an invasion of his privacy and contends

that defendants are somehow colluding with McKean staff.  During oral argument, plaintiff

stated that he had objections to disclosing personal correspondence but had no objection to

executing authorization to release his medical, mental health, and commissary records.

        The materials sought by the defense are relevant, seeking to obtain evidence as to the

sincerity of plaintiff's claimed religious beliefs by seeing what his commissary purchases and

contacts reveal about his faith.  Defense counsel argued that they only seek authorization to see

logs of these transactions and not actual documents.  Defendants' motion to compel plaintiff's

execution of these authorizations is **granted**.  Plaintiff has **forty-five (45) days** in which to execute defense authorizations.  Failure to execute them may result in further sanctions (such as preclusion of evidence or dismissal of this action or claims in this action, <u>see</u> Fed. R. Civ. P. 37(b)(2)(A)(ii), (iii) (striking pleadings), (v) (dismissal of all or part of action), (i) (directing that facts be taken as established)), or payment of movants' expenses, <u>id.</u> R. 37(b)(2)(C)).

## CONCLUSION

Based upon the above, defendants' motion to compel (Docket No. 41) is **granted**; plaintiff has **45 days from entry of this Order to execute the authorizations sought by defendants**.  Plaintiff's motion for a copy of his transcript (Docket No. 49) is **deemed moot**.

Further, it is recommended that plaintiff's motions (Docket Nos. 31, 32, 34) for various forms of injunctive relief against Federal Correctional Institution McKean and its staff and defendants should be **denied**, and his motion that McKean preserve records (Docket No. 33) is **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
          December 24, 2014