UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID AUGUST GAMBINO,

           Plaintiff,

                                    **Hon. Hugh B. Scott**

                                    12CV824A

           v.

                                    **Order**

CAPTAIN PAYNE, et al.,

           Defendants.

Before the Court is moving defendants' motion to quash plaintiff's subpoenas or for a protective Order (Docket No. 66). The term "moving defendants" here refer to the defendants that have answered and appear through defense counsel, that is Chief (formerly Captain) Payne, Sergeant Williams, Sergeant Greenwald, Officer Rankin, Officer Goeseke, and Officer Reabold (Docket No. 66, Defs. Atty. Decl. ¶ 2). Other defendants (such as Booth, see Docket No. 65, and Lewis, Docket No. 66, Defs. Atty. Decl. ¶ 7, discussed below) either have not appeared or have not been served or have not been sufficiently identified to be served.

Responses to this motion were due by January 14, 2015, any replies due by January 21, 2015, and the matter was deemed submitted (Docket No. 67). Also pending is plaintiff's motion for summary judgment (Docket No. 75).

BACKGROUND

This is a civil rights action commenced by plaintiff, proceeding pro se as an inmate. On August 30, 2012, plaintiff filed his original Complaint (Docket No. 1). He alleges that, on

January 1 to June 28, 2012, while in Niagara County's custody, defendants exposed plaintiff's naked body in violation of his Jewish religious beliefs in modesty, that plaintiff endured corporal punishment and suffered sexual abuse while in Niagara County custody[1] (Docket No. 11, Am. Compl).  Plaintiff later testified that he converted to Judaism in March 2012 (Docket No. 66, Defs. Atty. Decl. ¶ 18, Ex. D, Pl. EBT Tr. at 114-15).

This Court granted plaintiff's in forma pauperis motion on his initial Complaint (Docket No. 2), dismissing the First Claim and granting him leave to amend some of the remaining claims (Docket No. 6).  Plaintiff then filed his Amended Complaint (Docket No. 11, asserting claims that survived this in forma pauperis review) and defendants answered (Docket Nos. 14, 58).  In that Answer, defense counsel only appeared for defendants Payne, Williams, Greenwald, Rankin, Goeseke, and Reabold, but inadvertently answered for defendant Booth who was not found (Docket No. 66, Defs. Atty. Decl. ¶¶ 3, 6; see Docket No. 59).  A Scheduling Order was entered (Docket No. 15), which (as with other pro se inmate cases) called for initial disclosures similar to Rule 26(a) despite that rule exempting such disclosure in an action by an unrepresented plaintiff in custody, Fed. R. Civ. P. 26(a)(1)(B)(iv).

Plaintiff also named other defendants (Lewis, Liwswinski, Kitchen Cook, Supervisor of Mental Health, and 3 John Doe Male officers) but since they have not been identified, they were not yet served with pleadings (No. 66, Defs. Atty. Decl. ¶ 7).  This discovery dispute arises from plaintiff's attempt to learn the identity and location of these defendants (see id. ¶ 8, Exs. A, B).  On November 5, 2014, plaintiff filed subpoena to produce information (Docket No. 44, Pl.

---

[1] Plaintiff is currently in custody in a federal facility in Pennsylvania.  Plaintiff was in Niagara County's custody while awaiting disposition of his federal charges, see United States v. Gambino, No. 09CR372A.  In 2012, when the incidents in this case allegedly occurred, plaintiff was awaiting sentencing, see id., Docket No. 605, sentencing adjourned to April 5, 2012; see also id., text minute entry Nov. 20, 2013, sentencing held.

Response at 11-14; see Docket No. 66, Defs. Atty. Decl. ¶ 11, Ex. A).  In the first subpoena, plaintiff sought the full names and titles of employees of the Niagara County jail from November 17, 2009, to June 28, 2014, with the subpoena returnable on November 24, 2014, and the materials mailed to plaintiff at his federal prison (Docket No. 66, Defs. Atty. Decl. Ex. A). The second subpoena had defendant Lewis, returnable on December 30, 2014, at the McKean Federal Correction Institution to "answer deposition of written questions" (id. Ex. B), posing 28 questions to Lewis.  Plaintiff also served a purported subpoena upon the Niagara County Jail, again seeking the names, title, and current employment status of jail employees from 2009 to November 15, 2014 (id.).

On December 10, 2014, defense counsel wrote to plaintiff informing him of the defects in these subpoenas (Docket No. 66, Defs. Atty. Decl. ¶ 9, Ex. C).  First, the subpoena did not identify the parties to whom it was addressed; it merely stated that it was addressed to "Captain Payne, Sergeant Williams, et al.," by not listing who were the others included in the "et al." (id. ¶ 12).  The subpoena next improperly asks for information rather than seeking testimony or production of documents or things for inspection, see Fed. R. Civ. P. 45(a)(1)(A)(iii), without specifying the medium of production (id. ¶ 13).  Defendants next contend that plaintiff failed to serve Payne or Greenwald, instead mailing the document to defense counsel (id. ¶ 14).  They fault the subpoenas for Lewis and the Niagara County jail, noting similar defects as with the first subpoena (id. ¶¶ 16, 17, 18) and that defense counsel does not represent Lewis (id. ¶ 17). Defendants also complain that the Niagara County subpoena was overly broad, covering 2009 to 2014, or more than two years after he left the jail (id. ¶ 18).

3

Plaintiff did not respond to this motion. Instead, he filed his (now pending) motion for summary judgment, arguing that defendants have stonewalled and hindered in identifying Officer Lewis (Docket No. 75, Pl. Motion at 1).

## DISCUSSION

I.   Applicable Standards

   A.   Quash Subpoena Standard

This Court is empowered to quash or modify the scope of the subpoena to eliminate its objectionable features, 9A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2459, at 52 (Civil 2d ed. 1995); Ghandi v. Police Dep't of City of Detroit, 74 F.R.D. 115, 117 (E.D. Mich. 1977). The decision to quash is within this Court's sound discretion, see 9A Wright & Miller, supra, § 2459, Supp. at 16 (2005 Supp.). Modification is preferred to outright quashing a subpoena, Linder v. Calero-Portocarrero, 180 F.R.D. 168 (D.D.C. 1998).

   B.   Protective Order Standard

Under Rule 26(c), this Court may issue a protective Order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery. Fed. R. Civ. P. 26(c)(1), (1)(B)-(C); see id. R. 26(c)(1)(D) (limit the scope or the matters inquired into). This Court has ability under Rule 26(c) to prescribe the discovery methods other than the one selected by the party seeking discovery, id. R. 26(c)(1)(C).

II. Application

    A. Attempted Information Subpoena upon Defendants

The first subpoena (Docket No. 66, Defs. Atty. Decl. Ex. A; Docket No. 44) can be construed as an interrogatory, Fed. R. Civ. P. 33, or deposition by written questions, Fed. R. Civ. P. 31, and **is quashed as a subpoena**. This document, however, is not extinguished. This document is directed upon appearing defendants in this case and can be answered as a discovery request. As modified, defendants should respond to plaintiff's requests; defendants' motion for a protective Order is **granted** as thus conditioned.

Plaintiff's claims arose from January to late June 2012 (Docket No. 11, Am. Compl. at 7 of 45 to 13 of 45), thus his discovery should be restricted to that period. He may seek to learn who else was employed at the Niagara County jail, but only during this period of January to June 2012; this is material that seeks relevant information. Initial disclosure under Rule 26(a) should have revealed this (cf. Docket No. 23), but defendants stated there that they were "not aware of any witnesses at the present time likely to have discoverable information regarding these claims" (id.). This inquiry is akin to those required to identify John Doe defendants named by a pro se plaintiff, see Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997) (per curiam). Plaintiff, proceeding pro se and recently denied appointment of counsel (cf. Docket No. 81), may have used the incorrect means but he is entitled to this disclosure by proper means. Thus, this first subpoena **is quashed as a subpoena but is converted** either into a deposition by written questions to which defendants shall respond pursuant to Rule 31 or into interrogatories under Rule 33.

B.    Subpoena upon Officer Lewis

As for the second subpoena (Docket No. 66, Defs. Atty. Decl. Ex. B; Docket No. 54), it is directed to Officer Lewis, a defendant who has not been served or appeared in this action. Defense counsel has disclaimed representing Lewis and only recently identified him (Docket No. 79). Lewis worked for Niagara County between 2011 and 2014, but is no longer employed by the County and counsel believes that Lewis has yet to be served by pleadings or subpoena in this case (id.). The appearing, moving defendants are not responsible to address a subpoena for a former employee and their counsel are not required to accept service of the subpoena (or the Complaint) for Lewis, especially since (as discussed below) the employer Niagara County is not a defendant in this case. Thus, their motion to quash that subpoena (Docket No. 66) is **granted**.

C.    Subpoena upon Niagara County Jail

As for the third subpoena (Docket No. 66, Defs. Atty. Decl., Ex. B; Docket No. 54), construed to be upon Niagara County (naming the jail as the respondent), plaintiff did not properly serve the subpoena. This Court notes that Niagara County and its Jail is not a defendant in this action. As a result, defense counsel is not required to accept service of the subpoena directed at the Jail. Defendants' motion to quash this subpoena is also **granted**.

D.    In Summary

The information plaintiff seeks (the identity of the remaining defendants and those potentially involved in this case during the first six months of 2012) can be obtained through discovery devices served properly upon the appearing defendants.

III.     Timing of This Discovery

If plaintiff wishes to not change the questions posed in the first subpoena, defendants have thirty (30) days from entry of this Order, or by **April 2, 2015,** to respond. If plaintiff resubmits the subpoena questions in either interrogatory or written deposition form (see Fed. R. Civ. P. 33, 31), defendants' response time will be governed by the rule of the method sought, starting from the date of service of the new discovery demand.

## CONCLUSION

For the reasons stated above, defendants' motion (Docket No. 66) to quash the subpoenas and for a Protective Order is **granted in part, as detailed above**. Plaintiff's subpoenas are quashed as such and the November 5, 2014, document (Docket No. 66, Defs. Atty. Decl. Ex. A) is deemed to be a discovery device (either written deposition or interrogatories). Plaintiff either may persist with the November 5 document and defendants are to respond within 30 days of entry of this Order or plaintiff may serve and file appropriate discovery demands upon defendants and defendants may respond to that discovery pursuant to the applicable Rules.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
    March 2, 2015

7