UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID AUGUST GAMBINO,

                Plaintiff,

                                    **Hon. Hugh B. Scott**

                                    12CV824A

                v.

                                    **Order**

CAPTAIN PAYNE, et al.,

                Defendants.

Before the Court is plaintiff's notice that non-parties had not responded to his Freedom of Information Law ("FOIL") requests (Docket No. 123). Plaintiff here moves that this Court order the Niagara County Legislature's clerk and an assistant Niagara County attorney to respond to his pending FOIL requests (id.). Also pending are a series of motions (a) from plaintiff seeking to compel production (Docket Nos. 113, 121); (b) from plaintiff seeking leave to amend the Complaint (Docket No. 107); (c) from plaintiff seeking a protective Order (Docket No. 105); and (d) from defendants cross-moving to compel (Docket No. 111). These motions will be addressed in a separate Order.

## BACKGROUND

This is a civil rights action commenced by plaintiff, proceeding pro se as an inmate. On August 30, 2012, plaintiff filed his original Complaint (Docket No. 1), alleging that defendants exposed plaintiff's naked body in violation of his Jewish religious beliefs in modesty, that plaintiff endured corporal punishment and suffered sexual abuse while in Niagara County

custody (Docket No. 11, Am. Compl).  Plaintiff was in Niagara County's custody while awaiting disposition of his federal charges, see United States v. Gambino, No. 09CR372A.  In 2012, when the incidents in this case allegedly occurred, plaintiff was awaiting sentencing, see id., Docket No. 605, sentencing adjourned to April 5, 2012; see also id., text minute entry Nov. 20, 2013, sentencing held.[1]

This Court granted plaintiff's in forma pauperis motion on his initial Complaint (Docket No. 2), dismissing the First Claim and granting him leave to amend some of the remaining claims (Docket No. 6).  Plaintiff then filed his Amended Complaint (Docket No. 11, asserting claims that survived this in forma pauperis review) and defendants answered (Docket Nos. 14, 58).

Among the various motions now before this Court, plaintiff notes that Niagara County Legislature Clerk and an assistant County attorney failed to respond to his FOIL request by an April 26, 2015, deadline (Docket No. 123, Pl. Notice).  Plaintiff claims that this delay and denial of his FOIL request is hindering him in preserving evidence in this case (id. ¶ 2).  A copy of the FOIL request, however, was not included in plaintiff's moving papers.

## DISCUSSION

Rather than have defendants respond to this motion, this Court will address it now.  As previously noted (see Docket No. 88, Order of Mar. 2, 2015, at 6 (quashing subpoena)), Niagara County and its Jail is not a defendant in this action and this Court does not have jurisdiction over the County Legislature or its officers or staff now named by plaintiff.

---

[1] Plaintiff is currently in custody in a federal facility in Maryland.

FOIL arises from the New York State Public Officers Law §§ 84, et seq., where the remedy for a FOIL violation is a court Order requiring disclosure, W. Harlem Bus. Group v. Empire State Dev. Corp., 13 N.Y.3d 882, 885, 893 N.Y.S.2d 825, 827 (2009); Markowitz v. Serio, 11 N.Y.3d 43, 47, 862 N.Y.S.2d 833 (2008); see also Reed v. Medford Fire Dep't, Inc., 806 F. Supp.2d 594, 607-08 (E.D.N.Y. 2011) (appropriate vehicle for challenging denial of FOIL requests is state court Article 78 proceeding, N.Y. CPLR 7801); Boyd v. Albany County Dep't of Soc. Servs., No. 1:14cv1386, 2015 U.S. Dist. LEXIS 68965, at *12 (N.D.N.Y. Mar. 27, 2015) (Treece, Mag. J.) (citing cases, no denial of federal due process to pro se plaintiff for denied FOIL request since plaintiff did not have a property or liberty interest in having her FOIL request addressed), adopted, 2015 U.S. Dist. LEXIS 68686 (N.D.N.Y. May 28, 2015); Horace v. Gibbs, No. 14CV655, 2015 U.S. Dist. LEXIS 28445, at *2 n.2 (W.D.N.Y. Mar. 9, 2015) (Arcara, J.) (in pro se action, FOIL request would be separate from federal pro se action and would not be litigated in this action). As held by the Boyd court, 2015 U.S. Dist. LEXIS 68965, at *12, "if indeed Plaintiff submitted a FOIL request through proper channels, any challenge to a denial of her request should be brought in State court pursuant to Article 78 [of the N.Y. Civil Practice Law and Rules]," and plaintiff had post-deprivation process available in New York State courts depriving her of a due process claim, id. at *12-13. The Second Circuit has held that a plaintiff cannot maintain a due process claim for an alleged violation of state law, in particular for failure to respond to a FOIL request, Reed, supra, 806 F. Supp. 2d at 607 (citing cases).

Plaintiff here has not alleged a due process claim that would have this Court examine whether or not denial of his FOIL request was appropriate. Since neither official named by

plaintiff here nor the County itself nor its Legislature is a party in this action, this Court cannot compel them to answer plaintiff's FOIL requests in this action.

## CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 123) for this Court to compel non-parties to respond to plaintiff's FOIL requests is **denied**.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       June 3, 2015