UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID AUGUST GAMBINO,

Plaintiff,

**Hon. Hugh B. Scott**

12CV824A

v.

**Order**

CAPTAIN PAYNE, et al.,

Defendants.

Before the Court is a series of motions:  (a) from plaintiff proceeding pro se seeking to compel production (Docket Nos. 113, 121); (b) from plaintiff seeking leave to amend the Complaint (Docket No. 107); (c) from plaintiff seeking a protective Order (Docket No. 105); and (d) from defendants cross-moving to compel (Docket No. 111).  Each motion had its briefing Schedules (Docket Nos. 106, 108, 112, 116, 119) but ultimately all motions were deemed submitted (without oral argument) on June 5, 2015 (Docket No. 116).  Due to these motions, the deadlines of the current Scheduling Order (Docket No. 85) were held in abeyance pending resolution of these motions (Docket Nos. 112, 116; cf. Docket No. 106).

Separately, this Court denied plaintiff's apparent motion to compel responses to his state Freedom of Information Law requests to non-parties (Docket No. 124; cf. Docket No. 123).

Also pending are two sanctions motions filed by plaintiff (Docket Nos. 93, 126), asserting either fraud on the Court or perjury by defendants in not disclosing information about defendants and Niagara County Jail employees.  Judge Arcara set a briefing schedule for the first

motion (Docket No. 98; cf. Docket No. 95 (this Court's initial schedule, superseded by

Judge Arcara's schedule)).  This Court then set briefing for the second Motion (Docket No. 126;

see Docket No. 128[1]) and it will be addressed in a separate Report & Recommendation (given

the relief sought).

## BACKGROUND

This is a civil rights action commenced by plaintiff, proceeding pro se as an inmate.  On

August 30, 2012, plaintiff filed his original Complaint (Docket No. 1), alleging that defendants

exposed plaintiff's naked body in violation of his Jewish religious beliefs in modesty, that

plaintiff endured corporal punishment and suffered sexual abuse while in Niagara County

custody (Docket No. 11, Am. Compl).  Plaintiff was in Niagara County's custody while awaiting

disposition of his federal charges, see United States v. Gambino, No. 09CR372A.  In 2012, when

the incidents in this case allegedly occurred, plaintiff was awaiting sentencing, see id., Docket

No. 605, sentencing adjourned to April 5, 2012; see also id., text minute entry Nov. 20, 2013,

sentencing held.  Plaintiff is currently in custody in a federal facility in Maryland but was

formerly in McKean Federal Correctional Institution in Pennsylvania.  According to the Court's

docket, plaintiff relocated to Maryland on or about March 24, 2015.

This Court granted plaintiff's in forma pauperis motion on his initial Complaint (Docket

No. 2), dismissing the First Claim and granting him leave to amend some of the remaining

claims (Docket No. 6).  Plaintiff then filed his Amended Complaint (Docket No. 11, asserting

claims that survived this in forma pauperis review) and defendants answered (Docket Nos. 14,

58).

---

[1]Responses to that motion are due by June 19, 2015, with any replies by July 1, 2015, and the motion
deemed submitted without oral argument on July 1, 2015, Docket No. 128.

Among the various motions filed in this action, plaintiff moved for a preliminary injunction and to compel production (Docket Nos. 31, 32, 34, 33) while defendants cross-moved to compel execution of authorizations (Docket No. 41).  This Court entered a Report & Recommendation (Docket No. 68, Dec. 24, 2014) which, pertinent to the pending motions, granted defendants' motion , giving plaintiff 45 days in which to execute them (id. at 9-10, 10). Defendants sought authorizations from plaintiff to access his Federal Bureau of Prisons records at McKean Federal Correctional Institution ("McKean"), which they claim were relevant to the sincerity of his religious beliefs (id. at 9).  Although initially opposing the authorizations, plaintiff during oral argument stated that he had no objection to executing authorizations for his medical, mental health, and commissary records at McKean (id.).  This Court found the materials sought in the authorizations to be relevant to this case, by establishing the sincerity of plaintiff's conversion to Judaism (id.).  Judge Arcara adopted this Report (Docket No. 102, Order of Apr. 22, 2015).

*Plaintiff's Motion for a Protective Order, Docket No. 105*

First, plaintiff seeks a protective Order against production of "any and all" United States Department of Justice files and records (Docket No. 105, Pl. Motion ¶ 1).  Defense sought an authorization from plaintiff to access these Justice Department files, but plaintiff contends that the information sought is sensitive and private and the request is overly broad (id. ¶¶ 2-3). Plaintiff contends that his federal criminal file was sealed and has no relevance to this civil action (id. ¶ 4).  Plaintiff returned authorizations editing "any and all" to limit it to medical[2] records (id. ¶ 6).

---

[2] Cf. Docket No. 105, Pl. Motion ¶ 6 editing defense authorizations to add word "MEDIAL."

Defendants respond and support their cross-motion to compel (discussed in detail below) (Docket No. 110).  They note that this Court already granted their previous motion to compel plaintiff to execute authorizations and the "Certification of Identity" they now seek plaintiff to execute (without alteration) would facilitate obtaining the records already authorized by this Court (id. ¶¶ 22-24, 28).  Defendants argue that plaintiff's concerns about this Certification of Identity are unfounded, that the Certification is required for the Federal Bureau of Prisons to produce the materials sought, since the Bureau views defendants' requests as Freedom of Information Act requests (id. ¶ 25).  This Certification would not expand the authorizations already allowed in this case for plaintiff's federal prison medical and inmate records (id. ¶ 26). Defendants contend that they would not seek information about plaintiff's sealed criminal case (id. ¶ 27).

Plaintiff replies that he believes these authorizations will invade his attorney-client privilege and the sealed criminal prosecution, raising concerns that released information may endanger his family (Docket No. 120, Pl. Response at 1-2).  He remains concerned that the authorizations and Certification's use of the phrase "any and all" broadens the disclosure beyond previous limits to now include (for example) plaintiff's Department of Justice file and not merely the McKean prison records (id. at 2-3), seeking an Order to modify or monitor the release of information pursuant to these authorizations (id. at 3).  Plaintiff does not object to Court supervision of this discovery to avoid production of sensitive materials (id. at 4).

*Plaintiff's Motion for Leave to Amend Complaint, Docket No. 107*

Plaintiff identified a defendant referred to only as "Kitchen Cook" as Theresa L. Lewis and plaintiff seeks to amend the Complaint to formally allege claims against Lewis (Docket

4

No. 107, Pl. Motion).  Plaintiff also included with this motion Rule 27 notices of witnesses he intends to depose (id.). but, as defendants note (Docket No. 109, Defs. Atty. Decl. ¶¶ 17-19), Federal Rule of Civil Procedure 27 applies only to pre-action discovery, Fed. R. Civ. P. 27(a), or pending an appeal, id., R. 27(b).

Defendants oppose granting leave because it is untimely under the deadlines of the current Scheduling Orders (Docket No. 109, Defs. Atty. Decl. ¶¶ 8-11).  They also argue that plaintiff failed to comply with this Court's Local Civil Rule 15(a), W.D.N.Y. Loc. Civ. R. 15(a), by not submitting an unsigned copy of his proposed Amended Complaint (id. ¶¶ 13-16).  Defendants also object to plaintiff's Rule 27 disclosure of witnesses intended to be deposed since Rule 27 applies to pre-action discovery (id. ¶¶ 17-19).

In reply, plaintiff complains that defendants have not produced to him, including the names of unidentified defendants, hence leading to plaintiff's present (if tardy) motion for leave to amend once one name was learned (Docket No. 122, Pl. Response at 1-2).  Plaintiff argues that defendants have stonewalled throughout this case, such as identifying and locating defendant Corey Lewis (id. at 2-3), in effect excusing his late motion.  Plaintiff also recently learned the name of another defendant, an Officer Elliot, and will soon seek to serve this defendant (id. at 3).  Next, plaintiff is unsure what the "unsigned copy of the proposal" means under our Local Civil Rules (id. at 4).  Finally, plaintiff complains that defense stonewalling in failing to provide all discovery has hindered his ability to advance this case (id. at 5).

*Defendants' Cross-Motion to Compel and to Amend the Scheduling Order, Docket No. 111*

Defendants seek an unaltered Certification of Identity from plaintiff to obtain plaintiff's prison records from the Federal Bureau of Prisons (Docket No. 110, Defs. Atty. Decl. ¶ 4).  They

sought authorizations from plaintiff to obtain his prison medical and criminal records,

commissary orders, and visitor, mail and phone logs while plaintiff was housed at McKean (id.

¶ 8).  As previously noted, this Court already authorized execution of plaintiff's authorizations to

obtain his federal prison records (Docket No. 68, Report & Rec. of Dec. 24, 2014, at 10-11;

Docket No. 102, Order of Apr. 22, 2015 (adopting Report); Docket No. 110, Defs. Atty. Decl.

¶ 10).  Defendants then submitted additional copies of the authorizations (Docket No. 110, Defs.

Atty. Decl. ¶ 11, Exs. A, I), but plaintiff did not execute them for non-medical records (id., ¶ 12,

Ex. B).  Meanwhile, defendants submitted what authorizations they had to the Federal Bureau of

Prisons which treated them as Freedom of Information Act requests and required either notarized

signatures of plaintiff and express designation of third party access or plaintiff to execute a

Certification of Identity (id. ¶¶ 13-17, Exs. C, D, E, F. G).  Plaintiff was given the Certification

of Identity but he altered it as he signed it (id. ¶ 18, Ex. H).  Defendants then moved for an Order

compelling plaintiff to execute an unaltered Certification of Identity (id. ¶ 23).

Under the current Scheduling Order (Docket No. 85), the discovery deadline was June 5,

2015, but the deadlines were held in abeyance pending resolution of these motions (Docket

No. 112).  Defendants contend that, first, they had not completed plaintiff's October 2014

deposition and, second, that due to the problems with plaintiff's authorizations and the

anticipated time to obtain documents from the Federal Bureau of Prisons upon properly executed

forms, the parties will need 90 days more to complete discovery (Docket No. 110, Defs. Atty.

Decl. ¶¶ 31-34).

*Plaintiff's Motions to Compel, Docket Nos. 113, 121*

Finally, plaintiff filed two motions seeking to compel discovery and disclosure from defendants (Docket Nos. 113, 121).  In the first motion (dated May 11, 2015, and received May 18, 2015), plaintiff generally complains that he has a limited amount of discovery from defendants while he has produced fully to defendants (Docket No. 113, Pl. Notice of Motion ¶¶ 1-3).  Defendants had produced only an incomplete list of names of employees and had not identified the unnamed mental health employees (id. ¶ 4).  In this motion, plaintiff seeks an extension of time to allow defendants to produce (id. ¶ 5).

Defendants respond that the list of Niagara County jail employees was created in good faith to identify those employed there during the relevant time period, January 1 to June 28, 2012 (Docket No. 118, Defs. Atty. Decl. ¶ 6; see Docket No. 91).  They counter that plaintiff's earlier subpoenas (now deemed discovery demands) did not request the identities of "mental health employees" plaintiff now appears to seek in this motion (Docket No. 118, Defs. Atty. Decl. ¶ 7), but the employee list disclosed Cindy Quigley as a "Psych RN," although Ms. Quigley was employed by a contractor of Niagara County (id.; Docket No. 91).  Defendants then identified two other mental health employees, Dr. Samueal Adegbite and Jeanne Salada-Conroy, PNP (Docket No. 118, Defs. Atty. Decl. ¶ 7).  Defendants counter that their Interrogatory Answers were complete (id. ¶ 8) and fault plaintiff for failing to meet and confer to discuss plaintiff's concerns (id. ¶¶ 9, 10) and did not give defendants notice of the deficiencies (id. ¶ 11).  Finally, defendants object to plaintiff's motion that it seeks information that is not relevant or reasonably calculated to lead to discovery of relevant evidence, see Fed. R. Civ. P. 26(b)(1) (id. ¶ 12).

In plaintiff's second motion to compel (Docket No. 121, received June 1, 2015), plaintiff again complains that he has not received any requested documents and defendants had not objected to the requests, focusing on defendants' failure to identify unknown defendants.  Again, plaintiff does not include with his motion the document requests served on defendants, but cf. W.D.N.Y. Loc. Civ. R. 5.2(f) (contrary to the rule for represented litigants, cases with pro se parties must file their discovery materials with the Court).  He did file some Interrogatories (Docket Nos. 71, 72), certain authorizations (Docket No. 86, manually filed), and subpoenas (Docket No. 64) and a motion for summary judgment (Docket No. 75), these later deemed by this Court to be discovery requests (Docket No. 88, Order or Mar. 2, 2015; Docket No. 89, Report & Rec. of Mar. 5, 2015), but is not clear which discovery requests defendants have not complied with.  Defendants have filed discovery responses in this case (Docket Nos. 23, 70 (Rule 26(a) disclosures), 77, 78 (answers to Interrogatories), 91 (responses to plaintiff's discovery demands); see also e.g., Docket No. 30, defendants' request for production of documents from plaintiff).

This motion relates to his last motion (Docket No. 126) for sanctions because defendants failed to identify and disclose the location of certain individual defendants.  Plaintiff also notes that defendants violated this Court's earlier Valentin[3] Order (Docket No. 131; see also Docket No. 40, Order of Oct. 23, 2014).

Defendants respond to plaintiff's second motion to compel that the defendants had inadvertently overlooked plaintiff's discovery demands and vowed to respond promptly (Docket No. 130, Defs. Atty. Decl. ¶¶ 4-5, 9).  They argue that plaintiff made no attempt to meet and

---

[3]Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (per curiam).

confer or request responses to his discovery demands short of filing this motion, thus his motion

should be denied (<u>id.</u> ¶¶ 6, 8).  Defense counsel contends that, had plaintiff done so, defendants

would have recognized the omission and complied (<u>id.</u> ¶ 7).

DISCUSSION

I.      Applicable Standards

    A.      Protective Order

Under Rule 26(c), prior to obtaining a protective Order the movants must certify that they

have in good faith conferred or attempted to confer with the other affected parties in an effort to

resolve the dispute without court intervention, Fed. R. Civ. P. 26(c).  Under Rule 26(c), the Court

has power to protect against abuses in discovery.  <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20,

34 (1984).  The appropriateness of a protective Order is a balance of the litigation needs of the

requesting party and the protectable interests of the party from whom discovery is sought.

<u>Mitchell v. Fishbein</u>, 227 F.R.D. 239, 245 (S.D.N.Y. 2005).  This Court has broad discretion in

issuing such a protective Order.  <u>Seattle Times</u>, <u>supra</u>, 467 U.S. at 36.

    B.      Motion to Compel

Discovery under the Federal Rules is intended to reveal relevant documents and

testimony, but this process is supposed to occur with a minimum of judicial intervention.  <u>See</u>

8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u>

§ 2288, at 655-65 (Civil 2d ed. 1994).  "Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense–including the existence,

description, nature, custody, condition, and location of any documents or other tangible things

and the identity and location of persons having knowledge of any discoverable matter."  Fed. R.

9

Civ. P. 26(b)(1) (effective Dec. 1, 2007).  Initial disclosure includes producing "a copy of, or a description by category and location of, all documents . . . that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims . . . ."  Fed. R. Civ. P. 26(a)(1)(B).

Federal Rule 26(b)(2)(i) allows this Court to limit the scope and means for discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."  Under Rule 26(c), this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery.  Fed. R. Civ. P. 26(c)(1), (1)(B)-(C); see id. R. 26(c)(1)(D) (limit the scope or the matters inquired into).

Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an Order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).  Similarly, under Rule 26(c), prior to obtaining a protective Order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention, Fed. R. Civ. P. 26(c).  Under Rule 26(c), the Court has power to protect against abuses in discovery.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). The appropriateness of a protective Order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought.  Mitchell v.

Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005).  This Court has broad discretion in issuing such

a protective Order.  Seattle Times, supra, 467 U.S. at 36.

      C.      Leave to Amend the Complaint

      Under Federal Rule of Civil Procedure 15(a) amendment of pleadings after the time to do

so as of right requires either consent of all parties (apparently not present here) or by leave of this

Court.  Under Rule 15(a) motions for leave to amend the complaint are to be freely given when

justice requires.  Granting such leave is within the sound discretion of the Court.  Foman v.

Davis, 371 U.S. 178, 182 (1962); Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321,

330 (1971).  "In the absence of any apparent or declared reason–such as undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely

given.'"  Foman, supra, 371 U.S. at 182 (quoting Fed. R. Civ. P. 15(a)).   Under this Court's

Local Civil Rules, the movant seeking leave to amend is to submit "an unsigned copy of the

proposed amended pleading as an exhibit to the motion" with the proposal being "a complete

pleading superseding the original pleading in all respects" and with no portion of the original

incorporated by reference into the amendment, W.D.N.Y. Loc. Civ. R. 15(a).  As a pro se party,

plaintiff need not present a "red-line" version of the amendment (that is, a draft comparison

document of the original with the changes indicated in "red-line"), id., R. 15(b).  There is no

sanction, however, for the absence of an exhibit of the proposed amendment to the motion, cf.

W.D.N.Y. Loc. Civ. R. 5.2(i) (pro se litigants are to become familiar with and abide by Local

and Federal Rules, with failure to comply with the rules "may result in the dismissal of the case, with prejudice").

Where a plaintiff is proceeding <u>pro se</u>, leave to amend should be freely granted.  <u>Frazier v. Coughlin</u>, 850 F.2d 129, 130 (2d Cir. 1988) (<u>pro se</u> should be freely afforded opportunity to amend).

II.     Application

  A.  Plaintiff's Motion for a Protective Order, Docket No. 105, and Defendants' Cross-Motion to Compel, Docket No. 111

This Court addresses together the motions regarding plaintiff's execution of Certification of Identity to allow implementation of the authorizations previously ordered (Docket Nos. 102, 68).  This process continues the discovery sought by defendants (Docket No. 41) through the authorizations that this Court previously approved and found was relevant to this action (Docket No. 68, Report & Rec. of Dec. 24, 2014, at 9-10; Docket No. 102, Order of Apr. 22, 2015).  The Certification here simply allows the Federal Bureau of Prisons to process the Freedom of Information Act request by defendants to obtain plaintiff's Federal Bureau of Prisons records without more onerous submission of plaintiff's notarized signature on already submitted authorizations and notation that defendants as third parties can receive the materials sought.

To be clear, and as conceded by defendants (Docket No. 110, Defs. Atty. Decl. ¶¶ 25-27), the authorizations issued in this case do not involve production of material from plaintiff's criminal case.  Defendants here seek his prison records while at McKean.  The Federal Bureau of Prisons, an agency of the Department of Justice, construed defendants' authorizations as a Freedom of Information requests with the procedural panoply associated with such requests, including confirmation that the inmate at issue is the correct and authorizing party for the

disclosure.  Plaintiff objects to the format of the Certificate of Identity.  The Certification of

Identity is a Bureau of Prisons form (Docket No. 105, Ex. H) and not drafted by defendants.

That form contains the objectionable "any and all information" language.  In the context of this

action, the documents authorized to be released are only those relevant to this action.

Furthermore, it is unlikely the Federal Bureau of Prisons has plaintiff's criminal file to raise his

present concern.

Thus, plaintiff's motion for a protective Order against executing the Certification of

Identity (Docket No. 105) is **denied** and defendants' cross-motion to compel its execution

(Docket No. 111) is **granted**.  Plaintiff is to execute the Certification of Identity (without

alteration) within **approximately thirty (30) days** of entry of this Order, or by **August 3, 2015**.

B.      Leave to Amend the Complaint, Docket No. 107

Plaintiff seeks to amend the Complaint to name a John/Jane Doe defendant over

defendants' objection, but failed to file a draft of the proposed amended pleading.  It appears that

plaintiff has identified the "Kitchen Cook" and merely needs to substitute her name (Theresa

Lewis) for Kitchen Cook wherever referenced in the original Complaint.  Our local rule merely

requires a moving party to submit the draft of the amended pleading, to show the Court and

parties what the movant now intends to allege and against which parties, W.D.N.Y. Loc. Civ.

R. 15(a), and to avoid piecemeal amendments where separate documents (the original pleading,

and amendments) might contain all the allegations.

This Court will excuse the <u>pro se</u> plaintiff from failing to file with his motion his

proposed Amended Complaint, <u>but cf.</u> W.D.N.Y. Loc. Civ. R. 5.2(i) (discussed below), rather

than denying the motion and having plaintiff file a new motion with the required papers attached.

13

As a result, leave for plaintiff to serve and file an Amended Complaint (Docket No. 107) is **granted in part**.  Since this Court does not have plaintiff's proposed amendment, plaintiff may amend provided he merely renames the "Kitchen Cook" to be Ms. Lewis at the relevant portions of the Complaint.  Plaintiff **may not** amend the Complaint further (such as to identify other unnamed defendants or augment or amend claims) **without leave of this Court** by a further motion.  Upon such a motion for leave, plaintiff shall include a draft of the amended Complaint that would replace the current pleading before this Court so that all will know what plaintiff proposes to allege, W.D.N.Y. Loc. Civ. R. 15(a).  Plaintiff is to serve and file his Amended Complaint **by July 16, 2015, or within fourteen (14) days** of entry of this Order.

> C.      Plaintiff's Motions to Compel, Docket Nos. 113, 121

Next, this Court considers jointly plaintiff's two motions to compel (Docket Nos. 113, 121).  Both motions argue generally that defendants have failed to produce, but without presenting the discovery requests at issue.  Apparently, plaintiff is focused on disclosure of the unnamed defendants or employees at the Niagara County Jail, including "mental health employees" at that facility (cf. Docket Nos. 126, 131).  There has been extensive motion practice on the identification of the John/Jane Doe defendants (Docket Nos. 44, 66, 75, 126, 131; see Docket No. 88, Order of Mar. 2, 2015), including the present motion discussed above granting plaintiff leave to amend the Complaint (Docket No. 107).

A greater threshold hurdle, however, is the good faith certification requirement of Rule 37 before a motion to compel can be granted.  Rule 37 requires a party moving to compel to state his attempts to confer in good faith with the non-responsive opponent prior to making the motion, Fed. R. Civ. P. 37(a)(1); see also Brown v. UConn Med. Group, No. 3:12CV1305, 2014

U.S. Dist. LEXIS 84121, at *7-8 (D. Conn. June 20, 2014) (denying <u>pro se</u> plaintiff's motion to compel where plaintiff failed to certify good faith attempts to resolve discovery dispute with defendants).  This may be logistically difficult if the discovering party (as here) is incarcerated and proceeding <u>pro se</u>, but the requirement is not waived because of that status, <u>see</u> <u>Fox v. Poole</u>, No. 06CV148, 2007 U.S. Dist. LEXIS 64779 (W.D.N.Y. Aug. 31, 2007) (Scott, Mag. J.) (denying incarcerated <u>pro se</u> plaintiff's motion for sanctions for failing to respond to discovery demands); <u>Nowlin v. Lusk</u>, No. 11CV712, 2014 U.S. Dist. LEXIS 10341, at *16 (W.D.N.Y. Jan. 28, 2014) (Scott, Mag. J.) (citing cases, denying incarcerated <u>pro se</u> plaintiff's motion to compel for not making good faith attempts to resolve dispute short of motion practice).  This rule only requires the movant to certify that he <u>tried</u> to resolve the matter prior to making the motion, with indications of the attempts made.  An exchange of letters, for example, wherein plaintiff and defense counsel discuss plaintiff's concerns (or plaintiff's attempts to raise them) and certification of that exchange would have satisfied the Rule 37 requirement.

Here, plaintiff did not certify even that he attempted to resolve these issues before moving.  According to defendants, plaintiff did not tell defense counsel that they did not respond to plaintiff's outstanding discovery demands (Docket No. 130, Defs. Atty. Decl. ¶ 6).  Plaintiff, proceeding <u>pro se</u> and remotely from this District, may be excused for not following all of the requirements of motion practice in this Court, but under the rules of this Court plaintiff is to "become familiar with, follow, and comply with" the rules, W.D.N.Y. Loc. Civ. R. 5.2(i).  Again, had plaintiff written to defense counsel and asked about the discovery demands, his motion to compel would be favorably received and (according to defendants, <u>id.</u>¶ 7) defendants would have been reminded and produced.

15

For the reason of plaintiff's failure to certify his attempts to resolve this dispute short of motion practice, and the vagueness of his requests, his motions to compel (Docket Nos. 113, 121) are **denied**.  This denial, however, is not on the merits of what defendants produced (or yet to produce, cf. Docket No. 130, Defs. Atty. Decl. ¶¶ 7, 9) and this motion may be renewed if plaintiff first attempts to confer with defense counsel and fails to work out a satisfactory resolution.  As for plaintiff's second motion and defendants' assurance that they would now comply, further Court intervention should not be necessary.

III.    Amended Scheduling Order

Within defendants' cross-motion, they seek to extend the Scheduling Order by 90 days, due to the anticipated time necessary to have the authorizations submitted to the Bureau of Prisons and the records released (Docket No. 110, Defs. Atty. Decl. ¶¶ 33-34).  Plaintiff also seeks extension of this schedule (see Docket No. 113, Pl. Motion ¶ 5) to allow time for defense compliance with discovery.  This Court agrees that the Scheduling Order needs to be revisited (cf. Docket Nos. 112, 116, 106).

Given the resolutions of the pending motions (discussed above), defendants' cross-motion (Docket No. 110, Defs. Atty. Decl. ¶ 5) to extend discovery and other Scheduling Order deadlines by 90 days (id. ¶ 34), and plaintiff's motion generally requesting an extension of the Scheduling Order (Docket No. 113, Pl. Motion ¶ 5), the Second Amended Scheduling Order (Docket No. 85) that was held in abeyance pending resolution of these motions (Docket Nos. 112, 116) needs to be re-established and new deadlines set.

As a result (and as ordered above), plaintiff is to file and serve his Amended Complaint by **July 16, 2015**, or **fourteen (14) days** from entry of this Order; plaintiff is to execute the

16

Certification of Identity by **August 2, 2015**, or within **thirty (30) days** of entry of this Order; discovery is now to be completed by **September 30, 2015**, or ninety (90) days from entry of this Order; dispositive motions by **December 29, 2015**, or ninety (90) days from the new discovery deadline.  If no dispositive motions are filed by December 7, 2015, the parties are to contact the Chambers of Judge Arcara by **January 8, 2016**, or 10 days after the motion deadline, to schedule a pretrial conference and set a trial date.

With this schedule, plaintiff has time to serve his Amended Complaint, conduct discovery (for example, the witnesses he intends to depose) and defendants should have received the Freedom of Information Act request materials from the Federal Bureau of Prisons regarding plaintiff's McKean records and obtained those records and completed whatever discovery results from those items.  This Court, however, does not comment at this time as to the means or methods plaintiff may use to complete his discovery.  As both parties note (e.g., Docket No. 122, Pl. Response at page 3 of 8 ¶ 6; Docket No. 109, Defs. Atty. Decl. ¶ 12; Docket No. 110, Defs. Atty. Decl. ¶ 30), there has been delays in prosecuting this case.  It is hoped that no further motion practice will occur to delay this action further.

CONCLUSION

For the reasons stated above, plaintiff's motion (Docket No. 105) for a protective Order is **denied**; defendants' cross-motion to compel execution of the Certification of Identity (Docket No. 111) is **granted**, plaintiff is to execute the Certification of Identity (without alteration) within **thirty (30) days** of entry of this Order; plaintiff's motion (Docket No. 107) for leave to amend the Complaint is **granted in part**, as specified above; plaintiff's motions (Docket

Nos. 113, 121) to compel are **denied without prejudice**.  Plaintiff is to serve and file his

Amended Complaint (as described above) within **fourteen (14) days** of entry of this Order.

      An amended Scheduling Order (<u>cf.</u> Docket No. 85) (as stated above) is so ordered.

      This Court will address in a separate Report & Recommendation the last remaining

motion, plaintiff's motion for sanctions (Docket No. 126; <u>see</u> Docket No. 128).

      So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott

United States Magistrate Judge

Dated: Buffalo, New York
       July 2, 2015