UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID AUGUST GAMBINO,                    12-CV-824-LJV-MJR
                                         DECISION AND ORDER
                    Plaintiff,

        -v-

CAPTAIN PAYNE, *et al.*,

                    Defendants.
_____

        This case has been referred to the undersigned for all pre-trial matters, including

the hearing and disposition of non-dispositive motions.  (Dkt. No. 221).  Before the

Court are six motions filed by plaintiff David August Gambino:   (1) a motion for

sanctions (Dkt. No. 283); (2) a motion for reconsideration (Dkt. No. 293); (3) a motion to

stay all case management order deadlines pending the release of certain documents

purportedly being held by the Bureau of Prisons, a non-party to this action (Dkt. No.

295); (4) a motion to compel the Bureau of Prisons to produce documents (Dkt. No.

296); (5) a motion to compel defendants to produce documents (Dkt. No. 298); and (6) a

motion to stay this action pending the outcome of Gambino's interlocutory appeal to the

Second Circuit (Dkt. No. 300).[1]

## BACKGROUND

        Plaintiff David August Gambino, a *pro se* inmate at the Fort Dix Federal

Correctional Institution, commenced this 42 U.S.C. §1983 action in 2012.  (Dkt. No. 1).

Defendants include the County of Niagara and several current and former employees of

---

[1]      The Court set a briefing schedule on Gambino's motion for sanctions and his motion to compel
defendants to produce documents, and both motions are now fully briefed.  The Court did not request the
parties to brief the other four motions.

the Niagara County Jail. Gambino alleges to be a "self proclaimed adherent of the Hebrew religion [who is] in the long process of conversion to Judaism." (Dkt. No. 233 at 7).[2] Among other claims, Gambino alleges that while he was in the custody of the Jail awaiting disposition of his federal criminal charges, defendants prohibited him from covering exposed areas of the shower doors while he showered and tampered with his kosher meals, all in violation of his religious beliefs. (*Id.* at 6-39). Gambino's pending motions are addressed below.

## DISCUSSION

I.    *Motion for Sanctions*

In a prior motion for sanctions, Gambino accused defendants of failing to name his mental health counselor, Anthony Massaro, in response to an interrogatory asking defendants to identify employees of the Niagara County Jail. (Dkt. No. 126). In opposition to that motion, defendants argued that they correctly declined to identify Massaro because Massaro is an employee of the Niagara County Department of Mental Health, not the Jail. (Dkt. No. 129 ¶14). In a Report and Recommendation dated July 21, 2015, Magistrate Judge Scott, the Magistrate Judge initially assigned to this action, accepted defendants' argument and recommended that Gambino's motion for sanctions be denied. (Dkt. No. 146 at 8, 12).[3] In late 2015 or early 2016, after Judge Scott had issued his report and recommendation, defense counsel contacted Massaro regarding Gambino's lawsuit, and Massaro confirmed that he provided mental health counseling to Gambino at the Jail on behalf of the Department of Mental Health. (Dkt. No. 294 ¶17). Defense counsel thus had Gambino execute authorizations for the Department of

---

[2]    Page number citations for docketed items refer to the page number(s) assigned by CM/ECF.
[3]    Gambino's objections to Judge Scott's report and recommendation (Dkt. No. 158) remain pending before the District Judge.

Mental Health to release his treatment records.  (*Id.* ¶¶18-20).   Defense counsel received the records from the Department in April 2016 and produced them to Gambino shortly thereafter.  (*Id.* ¶¶19-20).  The instant motion seeks to sanction defendants for not producing Massaro's records at the outset of the litigation — specifically, as part of their Fed. R. Civ. P. ("Rule") 26(a) initial disclosures or as a supplement thereto.  (Dkt. Nos. 283, 297).   According to Gambino, defendants' delay in producing Massaro's records "hindered [his] ability to seek justice" in this action.  (Dkt. No. 283 at 6).

Sanctions are permitted if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or is harmless."  Rule 37(c)(1).  Under Rule 26(a), a party must, without awaiting a discovery request, provide:

> [A] copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party *has in its possession, custody, or control* and may use to support its claims or defenses, unless the use would be solely for impeachment.

Rule 26(a)(1)(A)(ii) (emphasis added).   Under Rule 26(e), a party must timely supplement or correct a Rule 26(a) disclosure if the party learns that the disclosure is incomplete or incorrect in some material respect.  Rule 26(e)(1)(A).

Here, defendants were not in the possession, custody, or control of Gambino's mental health records until April 2016, when defense counsel obtained the records from the Department of Mental Health pursuant to authorizations executed by Gambino.  *See Nowlin v. 2 Jane Doe Female Rochester N.Y. Police Officers*, No. 11CV712S, 2013 WL 3148308, at *4 (W.D.N.Y. June 19, 2013) ("The criminal records sought by plaintiff from the [ ] defendants were not in defendants' possession, custody or control and would not

be until plaintiff executed the necessary releases to unseal them.") (internal quotation marks and citation omitted).   After defense counsel received the records from the Department of Mental Health, he immediately produced them to Gambino.  Defendants could not have obtained the records prior to Gambino authorizing their release because the Niagara County Sheriff's Office is separate and distinct from the Department of Mental Health, and Sheriff's Office employees cannot access the Department of Mental Health's records.   (Dkt. No. 294-1 (Affidavit of Daniel M. Engert, Chief Deputy-Jail Administrator at the Niagara County Jail) ¶7).[4]   Therefore, because defendants produced Gambino's mental health records as soon as the records were in their possession, custody, and control, *see* Rule 26(a)(1)(A)(ii) and (e)(1)(A), defendants cannot be sanctioned under Rule 37(c)(1).   If Gambino wished to receive his mental health records at an earlier date, he could have made his own request to the Department of Mental Health to release the records.   He did not have to wait for defendants to obtain the records for him.

Gambino also seeks to sanction defendants for allegedly falsely stating to the Court that Gambino never received mental health treatment at the Jail.  (Dkt. No. 283 at 2-3 (listing defendants' statements)).  Gambino misconstrues defendants' statements to the Court.  Defendants actually stated that a review of their *own medical records* did not indicate that Gambino received mental health treatment at the Jail.  (*Id.*).  Defendants' statements were not false because defendants did not have Gambino's mental health records at the time of the statements, making it plausible that their own records did not

---

[4]      The Department of Mental Health appears to be an arm of defendant County of Niagara, making it possible that Massaro's records were in the possession, custody, and control of the County from the moment they existed.  However, because the County was not named as a defendant in this action until April 15, 2016, it cannot be sanctioned for failing to produce the records before that date.  (*See* Dkt. No. 259 (order substituting the County of Niagara for the Niagara County Sheriff's Office)).

alert them to the fact that Gambino received mental health treatment at the Jail. Therefore, Gambino's motion for sanctions is denied in its entirety.

II.     _Motion for Reconsideration_

Gambino moves the Court to reconsider its prior order (Dkt. No. 288) denying his motions to compel discovery, stay this action, and sanction defendants. (Dkt. No. 293).[5] The standard for granting reconsideration is strict. _Shrader v. CSX Transp., Inc._, 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." _Id._ "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." _Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd._, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of by prior rulings or to put forward additional arguments that a party could have made but neglected to make . . . ." _Brown v. Middaugh_, No. 96-CV-1097, 1999 WL 242662, at *1 (N.D.N.Y. Apr. 21, 1999).

Gambino's motion for reconsideration rehashes arguments already considered and rejected by the Court. Gambino has not identified an intervening change of controlling law or any new evidence that might warrant reconsideration. The Court's prior order was correct in all respects and did not work a manifest injustice upon

---

[5]     Specifically, the Court's prior order denied these six motions: (1) an "emergency motion to take leave" (Dkt. No. 249); (2) a "motion to take leave due to plaintiff being transfered [sic]" (Dkt. No. 251); (3) a motion to compel amended responses to certain requests for admission (Dkt. No. 265); (4) a motion to compel documents (Dkt. No. 267); (5) a "motion for court order for immidiate relaese [sic] of mental health records" (Dkt. No. 284); and (6) a motion for sanctions (Dkt. No. 93). (Dkt. No. 288).

Gambino.  Also without merit is Gambino's argument that the Court erred by declining to hear oral argument on his motions.  There is no right to oral argument on motions in civil actions.  *Blossom S., LLC v. Sebelius*, No. 13-CV-6452L, 2014 WL 204201, at *1 n.1 (W.D.N.Y. Jan. 17, 2014).  The Court carefully reviewed Gambino's prior motions and acted well within its discretion in opting not to hear oral argument on any of them.  *See Katz v. Morgenthau*, 892 F.2d 20, 22 (2d Cir. 1989) ("A district court's determination not to avail itself of . . . oral argument . . . rests squarely within its discretion.") (citations omitted).  Therefore, Gambino's motion for reconsideration is denied in its entirety.

III.    *Motion to Stay All Case Management Order Deadlines Pending the Release of Certain Documents Purportedly Being Held by the Bureau of Prisons*

This motion asks the Court to, in effect, stay the entire action pending the release of certain legal materials that Gambino claims went missing when the Bureau of Prisons transferred him from the Cumberland Federal Correctional Institution to the Fort Dix Federal Correctional Institution.  (Dkt. No. 295).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (alteration in original) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).  In deciding whether to grant a stay, the Court balances the moving party's need for a stay against the need "to secure the just, *speedy*, and inexpensive determination of every action and proceeding."  Rule 1 (emphasis added); *see also Davidson v. Goord*, 215 F.R.D. 73, 83 (W.D.N.Y. 2003).

Gambino has not shown the need for a stay here. Since being transferred to Fort Dix, he has filed several motions and other documents with the Court without the benefit of the materials that purportedly went missing during his transfer. On the other hand, there is a strong need to secure the just and speedy determination of this action. This case has been pending for over four years, and the parties are on their Fifth Amended Case Management Order. (*See* Dkt. No. 289). This litigation has to come to an end at some point. The need to secure the just, speedy, and inexpensive determination of this matter thus outweighs Gambino's need for a stay, and his motion is denied.

IV.     <u>*Motion to Compel the Bureau of Prisons to Produce Documents*</u>

Gambino moves to compel the Bureau of Prisons to produce certain legal materials that he contends went missing when he was transferred to Fort Dix. (Dkt. No. 296). The Court is without jurisdiction to grant Gambino's requested relief because the Bureau of Prisons is not a party to this action. *See Yoonessi v. N.Y. State Bd. for Prof'l Med. Conduct*, No. 03-CV-871S, 2005 WL 645223, at *26 (W.D.N.Y. Mar. 21, 2005) ("This Court is without jurisdiction to consider Plaintiff's request for relief with respect to those additional persons and/or entities against whom no action has been commenced."), *aff'd*, 162 F. App'x 63 (2d Cir. 2006). Accordingly, Gambino's motion to compel the Bureau of Prisons to produce documents is denied.

V.     <u>*Motion to Compel Defendants to Produce Documents*</u>

The instant motion to compel (Dkt. No. 298) relates to Gambino's third cause of action, which alleges in part that defendants tampered with his kosher meals when he was incarcerated at the Jail (Dkt. No. 233 at 17-39). During the course of discovery, Gambino learned that the Jail contracted with a company by the name of Trinity

Services Group "to assist [the Jail] in preparing the menu for regular meals, special meals and kosher meals."  (Dkt. No. 298 at 2-3).  Gambino now moves to compel defendants to produce "the Trinity Groups [sic] menu and nutrional [sic] value information and any information on kosher food in any form" as well as the Jail's contract with Trinity Services Group.  (*Id.* at 4-5).

Defendants state that they have already "produced everything in their possession concerning (1) the kosher menu and/or meal plans used at the Niagara County Jail between January 1, 2012 and June 29, 2012 and (2) the nutritional value of kosher menu items provided to inmates between January 1, 2012 and June 29, 2012."  (Dkt. No. 302 ¶29).[6]  Because the Court has no reason to doubt defendants' representation, Gambino's request for this information is denied.  As for the Jail's contract with Trinity Services Group, defendants oppose its production solely on the basis that Gambino allegedly never requested it during discovery.  (*Id.* ¶8).   Contrary to defendants' argument, the contract falls within Gambino's request for documents "relevant to [his] kosher diet" (Dkt. No. 25 at 4) because the Jail contracted with Trinity Services Group to assist it in preparing the menu for kosher meals (Dkt. No. 302 ¶24).  Within twenty days of entry of this order, defendants shall produce the contract(s) between the Jail and Trinity Services Group for the period January 1 to June 29, 2012.

VI.   *Motion to Stay this Action Pending the Outcome of Gambino's Interlocutory Appeal*

On August 25, 2016, Gambino filed a notice of interlocutory appeal of "dismissed claims."  (Dkt. No. 299).  The notice does not specify any particular order or judgment;

---

[6]      Although a kosher menu produced by defendants bears the date August 19, 2015, defendants state that this date represents the date on which the menu was e-mailed (presumably from Jail personnel to defense counsel) in connection with defendants' document production.  (Dkt. No. 302 ¶16).

rather, it generally objects to this Court's handling of discovery.  The instant motion seeks to stay this action pending the outcome of the appeal.  (Dkt. No. 300).

28 U.S.C. §1292 authorizes appeals of certain interlocutory orders, but that statute does not apply here because this case does not involve an injunction, appointment of a receiver, or an admiralty dispute, *see* 28 U.S.C. §1292(a), and the Court has not entered an order certifying an appeal, *see id.* §1292(b).  Absent any apparent basis for an interlocutory appeal, the Court declines to stay this action pending the outcome of the appeal.  *See Rivera v. Goord*, 03CV830, 2006 U.S. Dist. LEXIS 90330, at *1-3 (W.D.N.Y. Dec. 14, 2006) (declining to stay proceedings pending plaintiff's interlocutory appeal where plaintiff did not appear to have any basis under 28 U.S.C. §1292 for taking an appeal).

## CONCLUSION

For the foregoing reasons, (1) Gambino's motion for sanctions (Dkt. No. 283) is denied; (2) Gambino's motion for reconsideration (Dkt. No. 293) is denied; (3) Gambino's motion to stay all case management order deadlines pending the release of certain documents purportedly being held by the Bureau of Prisons (Dkt. No. 295) is denied; (4) Gambino's motion to compel the Bureau of Prisons to produce documents (Dkt. No. 296) is denied; (5) Gambino's motion to compel defendants to produce documents (Dkt. No. 298) is granted in part and denied in part, as set forth herein; and (6) Gambino's motion to stay this action pending the outcome of his interlocutory appeal to the Second Circuit (Dkt. No. 300) is denied.  The Fifth Amended Case Management Order (Dkt. No. 289) remains in effect.

**SO ORDERED**.

Dated:       October 5, 2016
             Buffalo, New York

                                        /s/ Michael J. Roemer
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge