UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID AUGUST GAMBINO,            12-CV-824-LJV-MJR

          Plaintiff,           DECISION AND ORDER

    -v-

CAPTAIN PAYNE, *et al.*,

          Defendants.
_____

This case has been referred to the undersigned for all pre-trial matters, including the hearing and disposition of non-dispositive motions. (Dkt. No. 221). Before the Court are plaintiff David August Gambino's motions for reconsideration of/objections to the Court's October 6, 2016 Decision and Order (Dkt. No. 304). (*See* Dkt. Nos. 305, 306, 307). The October 6, 2016 Decision and Order granted in part and denied in part Gambino's motion to compel defendants to produce documents (Dkt. No. 298), but denied five other non-dispositive motions that he had filed concerning discovery and other matters.[1]

## **DISCUSSION**

The standard for granting reconsideration is strict. *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion

---

[1] Specifically, the October 6, 2016 Decision and Order denied these five motions: (1) a motion for sanctions (Dkt. No. 283); (2) a motion for reconsideration (Dkt. No. 293); (3) a motion to stay all case management order deadlines pending the release of certain documents purportedly being held by the Bureau of Prisons (Dkt. No. 295); (4) a motion to compel the Bureau of Prisons to produce documents (Dkt. No. 296); and (5) a motion to stay this action pending the outcome of Gambino's interlocutory appeal to the Second Circuit (Dkt. No. 300). (Dkt. No. 304).

reached by the court." *Id.* "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of by prior rulings or to put forward additional arguments that a party could have made but neglected to make . . . ." *Brown v. Middaugh*, No. 96-CV-1097, 1999 WL 242662, at *1 (N.D.N.Y. Apr. 21, 1999).

After carefully reviewing Gambino's motions for reconsideration, the Court finds that they simply rehash arguments already considered and rejected by the Court in its October 6, 2016 Decision and Order. Gambino has not identified an intervening change of controlling law or any new evidence that might warrant reconsideration. The Court's prior order was correct in all respects and did not work a manifest injustice upon Gambino. Accordingly, Gambino's motions for reconsideration are denied.

Gambino's motions also "object" to the October 6, 2016 Decision and Order. A party may serve and file objections to a Magistrate Judge's order on a non-dispositive motion. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a); L.R. Civ. P. 72(a). The assigned District Judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). It is unclear whether Gambino is in fact objecting to the October 6, 2016 Decision and Order pursuant to §636(b)(1), Federal Rule of Civil Procedure 72(a), and Local Rule of Civil Procedure 72(a), as his motions do not cite any of those provisions. To the extent that

Gambino is so objecting, his objections are before the assigned District Judge, Hon.

Lawrence J. Vilardo.

## **CONCLUSION**

For the foregoing reasons, Gambino's motions for reconsideration of the Court's

October 6, 2016 Decision and Order (Dkt. Nos. 305, 306, 307) are denied.   Any

objections to the October 6, 2016 Decision and Order are before Judge Vilardo.

**SO ORDERED**.

Dated:      October 31, 2016
            Buffalo, New York

/s/ Michael J. Roemer
MICHAEL J. ROEMER
United States Magistrate Judge