UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID AUGUST GAMBINO,                    12-CV-824-LJV-MJR
                                         REPORT, RECOMMENDATION,
                                         AND ORDER
                        Plaintiff,

        -v-

CAPTAIN PAYNE, *et al.*,

                        Defendants.
_____

        This case has been referred to the undersigned for all pre-trial matters, including

the hearing and disposition of non-dispositive motions and the preparation of a report

and recommendation on dispositive motions.   (Dkt. No. 221).   Presently before the

Court are five motions filed by plaintiff David August Gambino, the last of which seeks

dispositive relief:   (1) a motion to enforce the Court's October 6, 2016 Decision and

Order compelling defendants to produce contracts between the Niagara County Jail and

Trinity Services Group (Dkt. No. 319); (2) a motion to stay the instant action to allow

Gambino time to pursue a claim against non-party Compass Group USA (Dkt. No. 324);

(3) a motion for sanctions against defendants for allegedly failing to timely disclose

Compass Group USA (Dkt. No. 327); (4) a motion for an "immediate temporary order of

protection" against certain non-party Federal Bureau of Prisons officers (Dkt. No. 330);

and (5) a motion to certify an interlocutory appeal to the United States Court of Appeals

for the Second Circuit (Dkt. No. 320).[1]   For the following reasons, the first four motions

are denied, and it is recommended that the fifth motion be denied as well.

_____
[1]        Because Gambino's motion to certify an interlocutory appeal is a dispositive motion, the Court will
provide a report and recommendation as to its disposition.  *See Vitols v. Citizens Banking Co.*, 984 F.2d

## BACKGROUND

Plaintiff David August Gambino, a *pro se* inmate in the care and custody of the Federal Bureau of Prisons at the Fort Dix Federal Correctional Institution, commenced this 42 U.S.C. §1983 action in 2012.  (Dkt. No. 1).  Defendants include the County of Niagara and several current and former employees of the Niagara County Jail. Gambino alleges in the Second Amended Complaint that he is an "adherent of the Hebrew religion [who is] in the long process of conversion to Judaism." (Dkt. No. 233 at 7).[2]  Among other claims, Gambino alleges that while he was in the custody of the Jail awaiting disposition of his federal criminal charges, defendants prohibited him from covering exposed areas of the shower doors while he showered and tampered with his kosher meals, all in violation of his religious beliefs.  (*Id.* at 6-39).  Gambino's motions are addressed below.

## DISCUSSION

I.   *Motion to Enforce the October 6, 2016 Decision and Order (Dkt. No. 319)*

After learning through discovery that the Jail contracted with Trinity Services Group "to assist in preparing the menu for regular meals, special meals and kosher meals," Gambino moved to compel defendants to produce that contract.  (Dkt. No. 298 at 1-6).  By Decision and Order dated October 6, 2016, the Court granted Gambino's request and directed defendants to "produce the contract(s) between the Jail and Trinity Services Group for the period January 1 to June 29, 2012."  (Dkt. No. 304 at 8). Pursuant to the Decision and Order, defense counsel sent Gambino a purchase order

---

168, 169-70 (6th Cir. 1993) ("[A] magistrate judge, acting pursuant to a reference under [28 U.S.C.] §636(b)(1) or (3), has no authority to issue a dispositive ruling on a motion to certify a district court order for interlocutory appeal under §1292(b)."); *Bishop v. Cty. of Suffolk*, No. 13-446(JS)(AKT), 2015 WL 5719802, at *1 n.1 (E.D.N.Y. Sept. 29, 2015) ("[A] motion to certify an interlocutory appeal under [28 U.S.C. §1292(b)] is dispositive . . . .").

[2]      Page number citations for docketed items refer to the page number(s) assigned by CM/ECF.

between the Jail and Trinity Services Group's predecessor, Compass Group USA,[3] and advised him that "[t]here is no contract other than this purchase order."  (Dkt. No. 309). Gambino now moves to enforce the Court's October 6, 2016 Decision and Order, arguing that defendants' production of the purchase order fails to comply with the Court's directive to produce a contract.  Gambino's motion also discusses certain bid documents referenced in the purchase order, which defendants have since produced to him.  (*See* Dkt. No. 331-1).

Gambino's motion appears to take issue with the fact that the document defendants produced is labeled "purchase order," not "contract."  Defense counsel's letter enclosing the purchase order makes clear, however, that the purchase order is indeed a contract, and that it is the only contract between the Jail and Compass Group USA/Trinity Services Group for the relevant time period.  (*See* Dkt. No. 309 ("I am enclosing the purchase order for those services. *There is no contract other than this purchase order.*") (emphasis added).  Gambino has not come forward with any evidence calling into question defendants' representations.   Defendants have produced the bid documents referenced in the purchase order as well.  Thus, on this record, the Court finds that defendants have complied with the Court's October 6, 2016 Decision and Order.  Gambino's motion to enforce the Decision and Order is denied.

II.    *Motion to Stay (Dkt. No. 324)*

This motion seeks to stay the instant action so that Gambino may, in his words, "try to fix what may now be a time barred claim against the Compass Group USA that was caused by the Defendants['] actions and in-actions."  (Dkt. No. 324 at 1).  The

---

[3]      Defendants state that Trinity Services Group purchased Compass Group USA sometime after June 2012.  (Dkt. No. 331-2 at 4 n.1).

Court notes that Gambino just recently moved for leave to amend his Second Amended Complaint to add Compass Group USA as a defendant.  (*See* Dkt. No. 339). Gambino's request to stay the action to allow him time to consider adding Compass Group USA as a defendant is therefore denied as moot.  The Court will separately enter a briefing schedule on Gambino's motion for leave to amend.

III.    *Motion for Sanctions (Dkt. No. 327)*

Gambino moves for sanctions against defendants for not identifying Compass Group USA in its initial disclosures.[4]

Rule 37 provides for sanctions if a party "fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . unless the failure was substantially justified or is harmless."  Rule 37(c)(1).  Under Rule 26(a)(1)(A)(i), a party must disclose the following information as part of its initial disclosures:

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — *that the disclosing party may use to support its claims or defenses*, unless the use would be solely for impeachment[.][5]

(emphasis added).

Here, defendants represent that at the time they served their initial disclosures, they had no intention of relying on information from Compass Group USA/Trinity Services Group to support its claims or defenses in this action.  (*See* Dkt. No. 333 ¶39).

---

[4]    Gambino's motion mistakenly refers to Compass Group USA as Advanced Technology Groups USA.  Gambino corrected this mistake on reply.  (*See* Dkt. No. 336).

[5]    While actions brought by *pro se* inmates are ordinarily exempt from the Rule 26(a)(1) initial disclosure requirements, *see* Rule 26(a)(1)(B)(iv), the Court's initial case management order directed the parties to comply with the substance of Rule 26(a)(1)(A)(i).  (*See* Dkt. No. 15 at 1-2).

Consequently, defendants had no obligation to identify Compass Group USA/Trinity Services Group in their initial disclosures, making Rule 37 sanctions unwarranted.

Moreover, defendants did not, as Gambino argues in his motion, "hide" the existence of Compass Group USA/Trinity Services Group.  It appears that Gambino first became aware of Compass Group USA/Trinity Services Group in June 2016, when he received an interrogatory response from defendant Theresa Lewis stating her "belief and understanding that an outside contractor was used to assist in preparing the menu for regular meals, special meals and Kosher meals" at the Jail.  (Dkt. No. 276 at 3). Gambino asked defendants to identify the contractor referenced by Lewis (Dkt. No. 285), and defendants promptly responded that the contractor is Trinity Services Group. (Dkt. No. 286 at 2).  Gambino then filed a motion to compel defendants to produce the Jail's contract with Trinity Services Group (Dkt. No. 298), which defendants opposed on the mistaken but not entirely unreasonable ground that the contract was outside the scope of Gambino's discovery requests (Dkt. No. 302).   After the Court granted Gambino's motion, defendants timely produced the Jail's purchase order with Compass Group USA, explaining that Compass Group USA is Trinity Services Group's predecessor and that there is no contract other than the purchase order.  (Dkt. No. 309). Defendants also promptly produced bid documents referenced in the purchase order after Gambino inquired about them.  The foregoing timeline of events rebuts Gambino's argument that defendants' wrongfully withheld the identity of Compass Group USA/Trinity Services Group or hid pertinent information regarding either entity. Gambino's motion for sanctions is denied.

In a prior order (Dkt. No. 338), the Court held Gambino's response to defendants' pending summary judgment motion (Dkt. No. 335) in abeyance pending the resolution of his motion for sanctions.  The Court having now denied Gambino's sanctions motion, Gambino is directed to respond to defendants' summary judgment motion within thirty days of entry of this Report, Recommendation, and Order.

IV.   _Motion for "Immediate Temporary Order of Protection" (Dkt. No. 330)_

Gambino moves for "an immediate temporary order of protection" against certain Bureau of Prisons officers based on their alleged failure to supply him with blank paper to photocopy his trial exhibits.  Gambino's motion in essence requests the Court to compel the officers to provide him with blank paper.  The Court is without jurisdiction to grant Gambino's requested relief because the Bureau of Prisons officers named in his motion are not parties to this action.  _See Yoonessi v. N.Y. State Bd. for Prof'l Med. Conduct_, No. 03-CV-871S, 2005 WL 645223, at *26 (W.D.N.Y. Mar. 21, 2005) ("This Court is without jurisdiction to consider Plaintiff's request for relief with respect to those additional persons and/or entities against whom no action has been commenced."), _aff'd_, 162 F. App'x 63 (2d Cir. 2006).

Gambino's motion also requests the Court's permission "to come to trial with only one copy of all evidence exhibits" and asks the Court "to copy and disseminate the evidence" on his behalf.  (Dkt. No. 330 at 2).  Given that the Court has not scheduled a trial date, this branch of Gambino's motion is denied as premature.  Gambino may renew his request if and when this case advances to trial.

V.    _Motion to Certify an Interlocutory Appeal (Dkt. No. 320)_

Gambino asks the Court to certify an interlocutory appeal to the United States Court of Appeals for the Second Circuit so that he can "report ongoing Federal Law Violations condoned by this very Court."  (Dkt. No. 320 at 1).

Under 28 U.S.C. §1292(b), a district court may certify an interlocutory order for appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  District courts must "exercise great care in making a §1292(b) certification," _Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp._, 964 F.2d 85, 89 (2d Cir. 1992), and certification is only appropriate in "exceptional cases," _Oak Forest Prods., Inc. v. Hiscock & Barclay, LLP_, 114 F. Supp. 3d 76, 81 (W.D.N.Y. 2015) (quoting _John and Vincent Arduini Inc. v. NYNEX_, 129 F. Supp. 2d 162, 175 (N.D.N.Y. 2001)).  Gambino's motion falls well short of these requirements.  In addition to failing to specify what order he wishes to appeal from, Gambino makes no effort to identify a controlling question of law as to which there is substantial ground for difference of opinion nor has he explained how appellate review will help prevent protracted and costly litigation.  His vague and meritless request to "report ongoing Federal Law Violations" is not a basis for certifying an interlocutory appeal under §1292(b).  Accordingly, it is recommended that Gambino's motion be denied.

## CONCLUSION

For the foregoing reasons, (1) Gambino's motion to enforce the Court's October 6, 2016 Decision and Order compelling defendants to produce contracts between the

Niagara County Jail and Trinity Services Group (Dkt. No. 319) is denied; (2) Gambino's motion to stay the instant action to allow him time to pursue a claim against non-party Compass Group USA (Dkt. No. 324) is denied; (3) Gambino's motion for sanctions against defendants for allegedly failing to timely disclose Compass Group USA (Dkt. No. 327) is denied; (4) Gambino's motion for an "immediate temporary order of protection" against certain non-party Federal Bureau of Prisons officers (Dkt. No. 330) is denied; and (5) it is recommended that Gambino's motion to certify an interlocutory appeal to the United States Court of Appeals for the Second Circuit (Dkt. No. 320) be denied.   Gambino is directed to respond to defendants' pending summary judgment motion (Dkt. No. 335) within thirty days of entry of this Report, Recommendation, and Order.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ORDERED that this Report, Recommendation, and Order be filed with the Clerk of Court.

Unless otherwise ordered by the Hon. Lawrence J. Vilardo, any objections to this Report, Recommendation, and Order must be filed with the Clerk of Court within fourteen days of service of this Report, Recommendation, and Order in accordance with the above statute, Rules 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure, and Local Rule of Civil Procedure 72.   Any requests for an extension of this deadline must be made to Judge Vilardo.

***Failure to file objections, or to request an extension of time to file objections, within fourteen days of service of this Report, Recommendation, and Order WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.***   *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989).

The District Court will ordinarily refuse to consider *de novo* arguments, case law, and/or evidentiary material which could have been, but were not, presented to the Magistrate Judge in the first instance. *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 990-91 (1st Cir. 1988).

Pursuant to Local Rule of Civil Procedure 72(b), written objections "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." ***Failure to comply with these provisions may result in the District Court's refusal to consider the objection.***

**SO ORDERED**.

Dated:       March 16, 2017
             Buffalo, New York

                                        */s/ Michael J. Roemer*
                                        MICHAEL J. ROEMER
                                        United States Magistrate Judge