UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID AUGUST GAMBINO,

    Plaintiff,

  v.

CHIEF PAYNE, *et al.*,

    Defendants.

12-CV-824
ORDER ACKNOWLEDGING
OBJECTION

On February 5, 2019, this Court issued a Decision and Order ("D&O") resolving over twenty motions and requests made by the pro se plaintiff, David August Gambino. Docket Item 366. On February 15, 2019, Gambino filed written "objections" to the D&O. Docket Item 368.

## I.    LACK OF NEED TO "OBJECT" TO WRITTEN DISTRICT COURT RULINGS

Of course, "[i]f a litigant believes that an error has occurred (to his detriment) during a federal judicial proceeding, he must object in order to preserve the issue." *Puckett v. United States*, 556 U.S. 129, 134 (2009). "If he fails to do so in a timely manner, his claim for relief from the error is forfeited." *Id.* Indeed, "'[n]o procedural principle is more familiar [to the Supreme] Court than a right may be forfeited in criminal as well as civil cases by the failure to make a timely assertion of the right before a tribunal having jurisdiction to determine it.'" *Id.* (quoting *Yakus v. United States*, 321 U.S. 414, 444 (1944)).

Therefore, when a district court judge designates a magistrate judge to hear and determine any nondispositive pretrial matter pending before the court, 28 U.S.C.

§ 636(b)(1)(A), or to submit to the district court proposed findings of fact and recommendations for the resolution of a dispositive pretrial matter, § 636(b)(1)(B), the statute provides "fourteen days . . . [to] serve and file written objections to such proposed findings and recommendations," § 636(b)(1)(C). An objection raised before that deadline is a "timely assertion of the right before [the] tribunal having jurisdiction to determine it," *Yakus*, 321 U.S. at 444—that is the district court. *See also* Fed. R. Civ. P. 72 (explaining manner for objecting to a magistrate judge decisions and recommendations to a district judges).

Similarly, as a general rule, if a party wishes to preserve a claim of error that occurs at trial, the objecting party must object contemporaneously. A party does that "by informing the court—when the court ruling or order is made or sought—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." *Puckett*, 556 U.S. at 135 (quoting Fed. R. Civ. P. 51(b)). "Failure to abide by this contemporaneous-objection rule ordinarily precludes the raising on appeal of the unpreserved claim of trial error." *Id.*

The rule requiring such objections "gives the district court the opportunity to consider and resolve" an issue before a party brings that issue before the appellate court. *Puckett*, 556 U.S. at 134.

Where, as here, the district court has issued a written decision resolving a party's claims, there is no point in filing "objections" to any of the judge's rulings with which the party disagrees: The judge already has been given the "opportunity to consider and resolve" the issues. *Id.* The next step in making a "timely assertion of the [issue] before a tribunal having jurisdiction to determine it," *Yakus*, 321 U.S. at 444, is to raise that

2

issue in an appeal of a final order[1] before the United States Court of Appeals for the Second Circuit in a manner that complies with the Federal Rules of Appellate Procedure.[2]

Therefore, this Court will not address Gambino's "objections" to the resolution of claims in its D&O because this Court is not the proper tribunal to consider "objections" to its own decisions.

## II. MOTION FOR RECONSIDERATION

Under United States District Court for the Western District of New York Local Rule 7(d)(3), "[a] motion for reconsideration . . . must be filed and served no later than twenty-eight (28) days after the entry of the challenged . . . order." Even though this Court does not believe that Gambino intends his "objections" to be a motion for reconsideration, out of an abundance of caution, and given his pro se status, this Court will treat them as such.

---

[1] "A final order is an order by the district court that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Hegna v. 650 Fifth Avenue Comp.*, 673 F. App'x 54, 56 (2016) (summary order) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978)). "[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revisited at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

[2] "In general, [the Court of Appeals has] appellate jurisdiction over only final orders under 28 U.S.C. § 1291 or Rule 54(b) of the Federal Rules of Civil Procedure, orders relating to an injunction or other matters enumerated in 28 U.S.C. § 1292(a), interlocutory orders certified under 28 U.S.C. § 1292(b), and orders falling within the collateral order doctrine." *Hegna*, 673 F. App'x at 56.

"A motion for reconsideration may be granted if the court has 'overlooked matters . . . which, had they been considered, might reasonably have altered the result reached by the court." *Stiggins v. Sullivan*, 2006 WL 1389776, *1 (W.D.N.Y. May 19, 2006) (quoting *Consolidated Gold Fields, PLC v. Angelo American Corp. of South Africa, Ltd.*, 713 F. Supp 1457, 1476 (S.D.N.Y. 1989)). "The standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decision or data that the court overlooked.'" *Acao v. Holder*, 2014 WL 6460120, *1 (W.D.N.Y. Nov. 17, 2014) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). "Such motions, however may not be used to relitigate matters already considered by the court." *Stiggins*, *supra* at *1.

Gambino's objections do not meet this demanding standard. They generally list thirty-three "issues" resolved by the Court in a manner that Gambino rejects. Docket Item 368 at 2-4. What little else he says does nothing more than relitigate matters that already have been decided, which is not an appropriate basis for seeking reconsideration.

Therefore, to the extent that Gambino's "objections," Docket Item 368, are properly construed as a motion for reconsideration, that motion is DENIED.

SO ORDERED.

Dated:    February 21, 2019
           Buffalo, New York

                                *s/ Lawrence J. Vilardo*
                                LAWRENCE J. VILARDO
                                UNITED STATES DISTRICT JUDGE