UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

DAVID AUGUST GAMBINO,

           Plaintiff,

v.

CHIEF PAYNE, *et al.*,

           Defendants.

───────────────────────────────

1:12-CV-00824-JLS-MJR
DECISION AND ORDER

This case has been referred to the undersigned pursuant to 28 U.S.C. §636(b)(1) for all pretrial matters and to hear and report upon dispositive motions. (Dkt. No. 221) Presently before the Court are plaintiff David August Gambino's: (1) request for copies of various docket entries and a discovery response (Dkt. Nos. 429, 430); (2) request for clarification as to the Honorable Lawrence J. Vilardo's prior order recusing himself from this case (Dkt. 431); (3) motion for discovery (Dkt. No. 449); and (4) motion to hold all court proceedings in abeyance (Dkt. No. 469). Also before the Court is defendants' motion for a court conference. (Dkt. No. 446) The motions are decided in the manner set forth below.

*Records Request*

Plaintiff requests that the Court provide him free copies of: (1) his reply to defendant's response to his objections to this Court's July 29, 2019 Report, Recommendation and Order; (2) interrogatory responses by defendant Corey Lewis; and (3) the Honorable Lawrence J. Vilardo's May 30, 2019 recusal order. (Dkt. Nos. 429, 430) Plaintiff seeks free copies of these documents because he is indigent and lacks access to a copy machine. Plaintiff also indicates that he needs them to prepare for trial.

1

Section 1915 of Title 28 of the United States Code does not provide that indigent parties are entitled to complimentary copies of the materials contained in a court's files. Instead, a party is required to pay for copies for such documents even though he has been granted *in forma pauperis* status. *See* L.R. 5.4(a); *see also Williams v. Coughlin et al.*, No. 95-CV-1737, slip op. at 2-3 (May 31, 1996) (Pooler, J.) ("copying and/or witness expenses are not included among the delineated expenses for which the Court can direct payment. Moreover, an order granting a plaintiff the right to proceed *in forma pauperis* does not entitle that plaintiff to free copies of documents in the record.") (citation omitted). Despite this general rule, and in the interest of moving the litigation forward, the Court will provide plaintiff with a copy of the interrogatory response he requests. Defendants have filed a summary judgment motion and a motion for reconsideration of the Court's prior order denying summary judgment as to some of plaintiff's claims, and these interrogatory responses may be relevant. **Thus, the Court has enclosed herein a copy of Officer Corey Lewis' Response to Plaintiff's Interrogatories, Docket Number 277.**

However, the Court finds that plaintiff does not need a copy of his reply to defendants' response to his objections to this Court's July 29, 2019 Report, Recommendation and Order or a copy of Judge Vilardo's recusal order to continue litigating his claims.[1] Thus, free copies of these documents will not be provided. Should plaintiff wish to pursue a request for these documents, he will have to pay the required fee of $.10 per page for electronically filed documents. **The Court has enclosed a Photocopy Request Form which plaintiff may use to order copies.**

---

[1] Plaintiff's objections to the July 29, 2019 Report, Recommendation and Order have been fully briefed and are pending before the District Court.

### *Judge Vilardo's Recusal Order*

On May 30, 2019, the Honorable Lawrence J. Vilardo, the United States District Judge assigned to this matter at that time, recused himself from this case and directed the Clerk's Office to assign the case to another United States District Judge.[2] (Dkt. No. 398) Plaintiff now requests that the Court provide further information as to why Judge Vilardo recused himself. (Dkt. No. 431)

Section 455 of Title 28 of the United States Code outlines a number of circumstances where a presiding United States Judge or Magistrate shall recuse or disqualify themselves from a proceeding. *See* 28 U.S.C. §455. "Discretion is confided in the district judge in the first instance to determine whether to disqualify himself. The reasons for this are plain. The judge presiding over a case is in the best position to appreciate the implications of [recusal]." *Moore v. Publicis Groupe*, 868 F. Supp. 2d 137, 150 (SDNY June 15, 2012); *accord In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("Discretion is confined in the district judge in the first instance to determine whether to disqualify himself.")

The statute does not require a District Judge to provide detailed information as to their reasons for recusal or disqualification, nor does this Court have the authority to request such information from the District Judge. Thus, plaintiff's request for further information as to the reasons for Judge Vilardo's recusal is denied.[3]

---

[2] On May 31, 2019, this matter was reassigned to the Hon. Elizabeth A. Wolford. On January 3, 2020, this case was reassigned to the Hon. John L. Sinatra, Jr.

[3] In his motion, plaintiff contends that he is unaware of the reasons for recusal because he is *pro se*. He seems to argue that the other parties have access to additional information regarding this matter, and he questions whether there was "an admonition on the record…that showed bias or prejudice." (Dkt. No. 431) Judge Vilardo's May 30, 2019 text order stated only that he was recusing himself from the case and that the matter would be reassigned to another District Judge. (Dkt. No. 398) No further information was provided, there is no reference anywhere on the docket as to bias or prejudice, and there is no indication

3

### *Motion for Discovery*

Plaintiff moves for permission to serve discovery on non-parties Inter-Community Memorial Hospital ("ICMH") and Eastern Niagara Hospital ("ENH"). (Dkt. No. 449) On July 29, 2019, this Court recommended to the District Court that plaintiff's motion to amend his Second Amended Complaint to add ICMH and ENH as defendants to his dental treatment claim be denied. (Dkt. No. 406) Also on July 29, 2019, this Court issued an updated Case Management Order permitting continued discovery as to defendant Aikin only. (Dkt. No. 407) Plaintiff has since appealed both of these determinations to the District Court. (Dkt. Nos. 411-12) In those appeals, plaintiff specifically argues that ICMH and ENH should be added as defendants to the litigation, and that he should be permitted to serve them with discovery requests. (*Id.*)

Because plaintiff's requests to amend his Second Amended Complaint to add ICMH and ENH and to take discovery from these entities are pending on appeal before the District Court, his instant motion for discovery is denied as premature.

### *Request to Hold Proceedings in Abeyance*

Plaintiff moves to hold all proceedings in abeyance until October 28, 2020. (Dkt. No. 469) According to plaintiff, he will be placed in a halfway house on July 30, 2020 and remain there through October 28, 2020. (*Id.*) Plaintiff seeks a stay during that time because he will not have access to online legal research platforms such as Lexis Nexis while in the halfway house. (*Id.*) Plaintiff also maintains that he will better be able to litigate his claims once he is released from federal custody on October 28, 2020. (*Id.*)

---

on the docket that defendants were provided any additional information regarding the reasons for the recusal.

A *pro se* litigant is not entitled to access to online legal research sites, and a lack of such access is not a basis to stay a federal lawsuit. Plaintiff's other concerns, including the lack of direct access to a law library, limited space to store his legal materials, and the limitations he faces because he is indigent, are common to many incarcerated or *pro se* litigants. While the Court recognizes that an incarcerated, *pro se* litigant may encounter more difficulties in pursuing his or her case than a litigant who is not incarcerated or residing in a halfway house, this, in itself, is not a valid reason for the Court to stay a proceeding. If it were, every inmate involved in a civil lawsuit would be entitled to a stay of their lawsuit until their release. Such a practice would hamper judicial economy. It would also prejudice defendants, who are entitled to a timely resolution of the case against them while evidence is still available, and witnesses have an accurate memory of relevant events. Moreover, plaintiff has not yet been transferred to a halfway house, and therefore his claims as to the difficulties he will face in pursuing his lawsuit while living there are speculative and premature. Lastly, the Court notes that even though plaintiff has been indigent and incarcerated through the entirety of this lawsuit, he has been able to consistently file motions and letters as well as respond to defendants' filings.

For these reasons, plaintiff's request to hold the proceedings in abeyance until he is released from a halfway house on October 28, 2020 is denied.

### *Motion for a Court Conference*

On October 17, 2019, defendants filed a motion requesting a conference with the Court to resolve a discovery dispute. (Dkt. No. 446) Specifically, plaintiff had not provided defendants with authorizations needed to obtain his medical and dental records. (*Id.*) Defendants later filed a motion to compel plaintiff's execution of the authorizations,

5

which the Court granted. (Dkt. Nos. 452-53) Thus, defendants' request for a court conference is denied as moot.

For the foregoing reasons, plaintiff's motions requesting records are granted in part and denied in part. (Dkt. Nos. 429, 430) Plaintiff's motion for clarification of Judge Vilardo's recusal order; motion for discovery; and motion to hold court proceedings in abeyance are denied. (Dkt. Nos. 431, 449, 469) Defendants' motion for a Court conference in denied. (Dkt. 446)

**SO ORDERED.**

Dated: July 22, 2020
Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge