UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID AUGUST GAMBINO,

Plaintiff,

v.                                                                              12-CV-824 (JLS) (MJR)

CHIEF PAYNE, *et al.*,

Defendants.

_____

## DECISION AND ORDER

*Pro se* Plaintiff David August Gambino commenced this action on August 30,

2012, alleging Defendants violated several of his constitutional rights during his

incarceration at the Niagara County Jail.  Dkt. 1.  After two rounds of the Court's

screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Second Amended

Complaint, filed on January 21, 2016, is the operative complaint.  Dkt. 233.  It also

alleges several constitutional violations, including a claim for deliberate

indifference to Gambino's dental needs against Defendants "Nurse Martin," later

identified as Christopher Aikin, and Niagara County.[1]  On January 1, 2016, this

_____

[1] Aikin was not initially named in the caption of the Second Amended Complaint
nor was he served with it—though it does contain factual allegations against him as
to the deliberate indifference to dental needs claim.  After the close of discovery,
Niagara County, along with the other Defendants, filed a motion for summary
judgment as to all of Gambino's claims.  Dkt. 335.  Gambino opposed the motion and
moved to add "Nurse Martin" and three others as new defendants.  Dkt. 339.  Judge
Roemer issued a Report and Recommendation that, among other things,
recommended dismissing Gambino's deliberate indifference to dental needs claim
against Niagara County and denying Gambino's motion to add the new defendants.
Dkt. 353.  However, United States District Judge Lawrence J. Vilardo, who was

case was referred to United States Magistrate Judge Michael J. Roemer to, among other things, "hear and report upon dispositive motions for the consideration of the District Judge pursuant to 28 U.S.C. Section 636(b)(1)(B) and (C)." Dkt. 221.

Before the Court are Akin's Motion for Summary Judgment, Dkt. 483, and Niagara County's Motion for Reconsideration and for Summary Judgment. Dkt. 484. Both motions seek dismissal of Gambino's claim of deliberate indifference to his dental needs. Gambino filed several responses, Dkts. 489-93, 495, 496, Akin and Niagara County filed replies, Dkts 500, 501, which included testimony from several expert witnesses, and Gambino filed sur-replies. Dkts. 507, 508.

Also before the Court is Gambino's Motion for Immediate Abeyance and to Re-open Discovery, Dkt. 506, which requests an abeyance of the proceedings, and to amend the Second Amended Complaint to add allegations that Defendants forged his signature on a submitted HIPAA authorization form and to add Eastern Niagara Hospital and Inter-Community Memorial Hospital as defendants. Dkt. 506. Additionally, Gambino filed a separate motion to amend requesting to amend the Second Amended Complaint in the same manner. Dkts. 510, 511.

On March 10, 2021, Judge Roemer issued a Report, Recommendation, and Order ("R&R"), which recommends granting Niagara County's Motion, to the extent it seeks dismissal of Gambino's deliberate indifference to dental needs claim;

---

assigned to this case at the time, issued an order that allowed service of the Second Amended Complaint on Aikin and denied the motion for summary judgment as to the deliberate indifference claim against both Aikin and Niagara County. Dkt. 366. Judge Vilardo further explained that summary judgment may have been proper if Defendants introduced expert testimony. *Id.* at 26.

granting Akin's Motion; and denying Gambino's Motions.  Dkt. 525.  Gambino filed

objections arguing that Judge Roemer ignored several disputed material facts, and

suggested this was due to an alleged bias toward law enforcement.  Dkt. 526.  Akin

and Niagara County filed responses.  Dkts. 532, 534.  Both argue that Gambino's

objections are without merit and lack specificity as to the portions of the R&R to

which Gambino objects.  As a result, they conclude that the Court should apply a

clear error, rather than *de novo*, standard of review to overrule the objections and

adopt the R&R.  Gambino did not file a reply.

A district court may accept, reject, or modify the findings or recommendations

of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district

court must conduct a *de novo* review of those portions of a magistrate judge's

recommendation to which an objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b)(3).  However, "[t]o trigger the *de novo* review standard, objections must

'specifically identify the portions of the proposed findings and recommendations to

which objection is made and the basis for each objection.'"  *Grays v. McGrain*, 333 F.

Supp. 3d 225, 229 (W.D.N.Y. 2018) (quoting L.R. Civ. P. 72(b)).  Otherwise, a

district court must "modify or set aside any part of [a magistrate judge's] order that

is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  An order "is clearly

erroneous or contrary to law when it fails to apply or misapplies relevant statutes,

case law or rules of procedure."  *Tracy v. NVR, Inc.*, 791 F. Supp. 2d 340, 342

(W.D.N.Y. 2011) (internal quotations and citation omitted).

3

The R&R is not clearly erroneous or contrary to law. And even assuming a *de novo* standard of review, Gambino's objections fare no better. Accordingly, the Court accepts and adopts the R&R.

## CONCLUSION

For the reasons stated above, and in the R&R, Niagara County's motion is GRANTED to the extent it seeks dismissal of Gambino's deliberate indifference to dental needs claim; Akin's motion is GRANTED; and Gambino's motions are DENIED.

Plaintiff's free exercise claim (concerning his kosher meals against Niagara County, Theresa Lewis, and Officers Haner, Rankin, Goeseke, Reabold, Elliot, and Booth) is the only remaining claim for trial.

**SO ORDERED.**

Dated:      April 11, 2022
            Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE