UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DAVID AUGUST GAMBINO,

                                          Plaintiff,

          v.                                                              12-CV-824 (JLS) (MJR)

THERESA LEWIS, OFFICER BOOTH,
OFFICER RANKIN, OFFICER GOESEKE,
OFFICER REABOLD, OFFICER ELLIOT,
OFFICER HANER, and COUNTY OF
NIAGARA,

                                          Defendants.

---

### DECISION AND ORDER

Plaintiff David August Gambino commenced this civil rights action on August 30, 2012, proceeding *pro se*[1] and *in forma pauperis* ("IFP"). Dkt. 1, 2. This Court granted Plaintiff's IFP application and screened his Complaint pursuant to 28 U.S.C. §§ 1915e(2)(B) and 1915A. Dkt. 6.

After granting Plaintiff leave to amend, he filed a second amended complaint—alleging that Defendants: (1) violated his First Amendment free exercise rights, and his right to privacy, because Defendants maintained showers with insufficient privacy; (2) violated his First Amendment free exercise rights because Defendants purposefully served him contaminated kosher meals and

[1] This Court later appointed Plaintiff *pro bono* counsel on a full-scope basis. Dkt. 548, 568.

refused to replace them; and (3) denied him adequate dental and mental healthcare treatment in violation of the due process clause, under the Fourteenth Amendment. Dkt. 233; Dkt. 604, at 1–2.[2] After discovery and summary judgment, the only claim eligible to proceed to trial is Plaintiff's free exercise claim regarding the contaminated kosher meals, against Niagara County and the individual defendants—Theresa Lewis and Officers Haner, Lewis, Rankin, Goeseke, Reabold, Elliott, and Booth.  Dkt. 604, at 3.

On July 31, 2023, Defendants moved for an evidentiary hearing to address their affirmative defense—alleging a failure to exhaust administrative remedies. Dkt. 579.  This Court granted Defendants' motion and referred the matter to Judge Roemer[3] to preside over the hearing and make a recommendation as to the exhaustion issue.  Dkt. No. 585.  Judge Roemer held an exhaustion hearing on December 12, 2023.  Dkt. 595, 598.  The parties then submitted post-hearing briefs, and Judge Roemer heard oral argument on May 15, 2024.  Dkt. 599, 601, 602, 603.

On August 12, 2024, Judge Roemer issued a Report and Recommendation ("R&R"), recommending that this Court: (1) find that Plaintiff fully exhausted his administrative remedies; (2) deny Defendants' affirmative defense in its entirety; and (3) permit Plaintiff to proceed to trial.  Dkt. 604, at 32–33.  On October 31, 2024, Defendants objected to the R&R to the extent that Judge Roemer determined: (1) the grievance process was opaque; (2) Plaintiff grieved that his kosher meals

---

[2] The page numbers refer to the CM/ECF pagination in the header of each page.

[3] This Court referred the case to United States Magistrate Judge Michael J. Roemer for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C).  Dkt. 221.

were contaminated and that those allegations provided Defendants with sufficient information to investigate; (3) Plaintiff grieved his claims against the individual corrections officers; and (4) Plaintiff's claims should not be limited to a five-day period. *See* Dkt. 611, at 5. Plaintiff responded to Defendants' objections, Dkt. 616, and Defendants replied. Dkt. 617.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

This Court carefully reviewed the R&R, the objections briefing, and the relevant record. Based on its *de novo* review, the Court accepts and adopts Judge Roemer's recommendation.

For the reasons stated above, and in the R&R, this Court: (1) determines that Plaintiff fully exhausted his administrative remedies; (2) denies Defendants' affirmative defense in its entirety; and (3) permits Plaintiff to proceed to trial.

SO ORDERED.

Dated:        January 24, 2025
              Buffalo, New York

              _____
              JOHN L. SINATRA, JR.
              UNITED STATES DISTRICT JUDGE

3